591 So.2d 1055 (1991)
STATE of Florida, Appellant,
v.
Timothy William TRIPP, Appellee.
No. 90-02699.
District Court of Appeal of Florida, Second District.
December 27, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Andrea Norgard, and William Pena Wells, Asst. Public Defenders, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals the defendant's sentence imposed after a revocation of probation. It argues that the trial court improperly awarded jail credit to the defendant for time that he had served on a separate conviction. We agree. Consistent with our decisions in Pacheco v. State, 565 So.2d 832 (Fla. 2d DCA 1990), review denied, 576 So.2d 289 *1056 (Fla. 1991), and Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990), we reverse the sentence and remand for resentencing without jail credit for time served on the separate conviction.
Our decision follows similar decisions of the Fourth and Fifth Districts. Sylvester v. State, 572 So.2d 947 (Fla. 5th DCA 1990); Ford v. State, 572 So.2d 946 (Fla. 5th DCA 1990); State v. Folsom, 552 So.2d 1194 (Fla. 5th DCA 1989); State v. Rodgers, 540 So.2d 872 (Fla. 4th DCA 1989). Because the sentencing method approved in this case is not expressly recognized in Poore v. State, 531 So.2d 161 (Fla. 1988), and may conflict with the spirit of the sentencing guidelines and the limitations imposed in Lambert v. State, 545 So.2d 838 (Fla. 1989), and State v. Green, 547 So.2d 925 (Fla. 1989), we certify the propriety of this sentencing method to the Florida Supreme Court.
Timothy William Tripp was charged with burglary, grand theft, and resisting an officer without violence for events occurring on November 24, 1988. The three offenses were charged in a single information. The burglary and grand theft offenses were third-degree felonies, and the resisting offense was a misdemeanor. §§ 810.02(3), 812.014(2)(c), 843.02, Fla. Stat. (1987).
Mr. Tripp and the state entered into a plea agreement. They agreed that he would plead guilty to the two felony charges, the state would dismiss the misdemeanor charge, and he would receive a sentence within the guidelines. Mr. Tripp's scoresheet recommended 3 years' incarceration and permitted up to 4 1/2 years' incarceration. For the burglary, the trial court adjudicated him guilty and sentenced him to 4 years' imprisonment. For the grand theft, the trial court withheld adjudication and placed him on 4 years' probation. The probation was consecutive to the imprisonment and was to begin upon Mr. Tripp's release from prison for the burglary.
Mr. Tripp served his four-year sentence on the burglary in less than ten months. He then began his term of probation on the grand theft. On January 6, 1990, at 2:33 a.m., Mr. Tripp allegedly trespassed on railroad property. On February 25, 1990, he allegedly burglarized a home. As a result, the state sought to revoke his probation.[1] Mr. Tripp admitted the violations and his probation was revoked. During resentencing, Mr. Tripp argued that the trial court had no authority to sentence him to more than 4 1/2 years' imprisonment with credit for the 4 years that he had served on his original burglary sentence. The trial court reluctantly agreed.[2]
The dispositive issue is whether the sentencing method in this case produces a split sentence, as described in Poore, for which jail credit, including accumulated gain time, is mandatory under Green, or whether it produces a separate sentence of probation that is legally consecutive to the sentence of incarceration. As previously mentioned, this court and two other district courts have ruled that this sentencing method produces two separate sentences and that a defendant in this situation is not entitled to jail credit from the first sentence concerning any revocation of probation for the second offense. See Pacheco; Harris; Sylvester; Ford; Folsom; Rodgers. Our decision is also supported in part by the supreme court's recent decision in State v. Perko, 588 So.2d 980 (Fla. 1991).
In addition to the reasons explained in those opinions, our decision is supported by the rules relating to jail credit for presentence imprisonment when a defendant receives consecutive sentences of imprisonment. § 921.161, Fla. Stat. (1987); Daniels v. State, 491 So.2d 543 (Fla. 1986); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986); Yohn v. State, 461 So.2d 263 (Fla. 2d DCA *1057 1984); Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974). It is well established that a "defendant `is not entitled to have his jail time credit pyramided by being given credit on each [consecutive] sentence for the full time he spends in jail awaiting disposition.'" Daniels, 491 So.2d at 545 (quoting Martin which quoted Miller) (emphasis original).
On the other hand, unless the trial court is attempting to bring the sentence within the guidelines recommendation, it cannot impose consecutive sentences of incarceration at a single sentencing hearing absent a valid written reason for departure. See Branam v. State, 554 So.2d 512 (Fla. 1990), approving, 540 So.2d 158 (Fla. 2d DCA 1989); § 921.16, Fla. Stat. (1987); Fla. R.Crim.P. 3.701(d)12. By contrast, the sentencing method authorized by this case allows trial courts to greatly exceed the incarceration contemplated by the guidelines and Lambert upon a single violation of probation. See Sylvester; Ford.[3]
There may be situations in which a term of probation consecutive to a sentence of imprisonment would be a valid and appropriate sentence. There are other situations in which this sentencing method could be abused. It may be that there should be some limitation on a trial court's authority to impose a term of probation consecutive to a sentence of incarceration. We, however, are unaware of any such restriction and are not authorized to create one. Because of this concern, we certify the following question to the supreme court:
IF A TRIAL COURT IMPOSES A TERM OF PROBATION ON ONE OFFENSE CONSECUTIVE TO A SENTENCE OF INCARCERATION ON ANOTHER OFFENSE, CAN JAIL CREDIT FROM THE FIRST OFFENSE BE DENIED ON A SENTENCE IMPOSED AFTER A REVOCATION OF PROBATION ON THE SECOND OFFENSE?
Reversed and remanded for resentencing.[4]
FRANK, J., concurs.
CAMPBELL, A.C.J., concurs specially.
CAMPBELL, Acting Chief Judge, specially concurring with opinion.
I concur with the result reached, the reasoning employed, and even, as far as it goes, the certified question posed by the majority. I write because I have concern that an answer to the question as posed and certified by the majority may not sufficiently address the problem presented by the circumstances of this and similar cases.
It does not appear to me that any of the cases cited in the majority opinion, whether in support of or in opposition to the conclusions of that opinion, adequately address the problem as I see it. Neither have I independently discovered any other cases that provide a comprehensive discussion or definitive solution to the problem as perceived. Most of the cases fall into two categories, those that deal with the proper application of credit for time served or gain time earned to subsequently imposed sentences and those that deal with the application of proper guidelines sentencing principles to sentences imposed after revocation of probation in a split sentence situation.
The problem that should be more clearly addressed is the proper application and interaction of gain time principles and sentencing guidelines principles when those two principles coincide or collide. This usually will occur in the situation of a sentence being imposed on an original or underlying offense upon revocation of the probation imposed for that offense when that original sentence was a split sentence context involving multiple offenses and *1058 where the original sentence contained an incarcerative portion equal to the maximum permissible under sentencing guidelines.
In order to appropriately focus the problem as I see it, and at the sure risk of continuing to be perceived as redundantly superfluous, I find it necessary, and hopefully helpful, to rather painstakingly elaborate the scenario that causes the problem I would address. In order to evoke an answer beneficial to our trial judges, the question certified must be carefully and precisely premised and posed. Certain necessary assumptions must be detailed to properly pose the certified question. It must first be assumed that a trial judge has, in sentencing a defendant for multiple offenses to a recommended guidelines sentence, imposed the maximum incarcerative sentence permissible for one offense and consecutive probationary sentences for the remaining offenses. It must further be assumed that the defendant has satisfied the incarcerative term imposed by serving a portion of the sentence while actually incarcerated and satisfied the remainder of the incarcerative term by gain time earned during his actual incarceration. After beginning to serve the consecutive probationary sentences, the defendant violates probation and is being sentenced on the original underlying offense for which probation was imposed. That sentence upon revocation of probation cannot exceed the original recommended guidelines sentence plus a one-cell increase absent a departure sentence upon revocation which is supported by reasons that existed but were not utilized at the original sentencing. Williams v. State, 581 So.2d 144 (Fla. 1991); Ree v. State, 565 So.2d 1329 (Fla. 1990); Lambert v. State, 545 So.2d 838 (Fla. 1989). Of course, if the original split sentence was in itself a departure sentence, the sentencing court could not again depart upon revocation of probation.
The question thereby presented and that I would certify is:
IF, IN A GUIDELINES SENTENCING CONTEXT INVOLVING MULTIPLE OFFENSES THERE HAS BEEN IMPOSED UPON THE DEFENDANT A TERM OF PROBATION FOR ONE OFFENSE CONSECUTIVE TO A MAXIMUM PERMISSIBLE GUIDELINES SENTENCE OF INCARCERATION FOR ANOTHER OFFENSE, UPON A VIOLATION AND REVOCATION OF THE PROBATIONARY SENTENCE MUST GAIN TIME CREDIT EARNED ON THE INCARCERATIVE SENTENCE BE GRANTED ON THE SENTENCE THEN BEING IMPOSED FOR THE SEPARATE UNDERLYING OFFENSE FOR WHICH PROBATION IS BEING REVOKED?
NOTES
[1] The record does not disclose the outcome of the trespassing and second-degree burglary charges.
[2] We note that the maximum sentence that Mr. Tripp could have received upon a revocation of probation was not 4 1/2 years' incarceration, but 5 years' incarceration. The high end of the permissive range of the next higher cell was 5 1/2 years' incarceration, which was limited by the 5-year maximum sentence for third-degree felonies. Fla.R.Crim.P. 3.701(d)14; Lambert v. State, 545 So.2d 838 (Fla. 1989).
[3] Although not presented in this appeal, one can easily imagine a multiple-count information, resulting in numerous consecutive terms of probation. This situation could allow for imprisonment far beyond the permitted guidelines range if a defendant violated each of his probations.
[4] The majority has no objection to the certified question suggested by Judge Campbell in his special concurring opinion. We have not incorporated that question into this opinion because we believe the supreme court will be further assisted by the comments and additional analyses which accompany his proposed question.