PER CURIAM.
Appellant pleaded no contest to thirteen offenses charged in twelve separate infor-mations. All of the offenses were third-degree felonies (nine were burglaries of a conveyance, three were burglaries of a structure and one was grand theft). Believing that the trial court sentenced him to the maximum permitted guidelines sentence on one charge to be followed by three consecutive terms of probation on other charges, appellant raises the following issue: “In sentencing a defendant convicted of multiple counts of a primary offense, may the. trial judge properly impose the maximum permitted period of incarceration on one count to be followed by consecutive sentences of probation on other counts?” Our review of the record convinces us that we are required to reverse appellant’s sentences, and to remand for resentencing, for a reason other than that raised by appellant.
Appellant’s no-contest pleas were entered in cases 91-1684, 91-1694, 91-1709 (two counts), 91-1728, 91-1730, 91-1731, 91-1732, 91-1733, 91-1734, 91-1736, 91-1761 and 91-2167. Because of what appear to be scrivener’s errors, it is not possible to determine with any degree of assurance from the written judgments and sentences what the trial court intended regarding appellant’s sentences. However, there is no confusion in the trial court’s oral pronouncements made at the sentencing hearing.
At the sentencing hearing, the trial court sentenced appellant as follows: In cases 91-1684, 91-1694 and 91-1709 (as to both counts), appellant was placed on probation for five years, the four terms of probation to run concurrently. In cases 91-1728, 91-1730, 91-1731 and 91-1732, appellant was also placed on probation for five years, the four terms of probation to run concurrently with each other, but consecutively to the 5-year terms of probation imposed in cases 91-1684, 91-1694 and the two counts of case 91-1709. In cases 91-1733, 91-1736, 91-1761 and 91-2167, appellant was again placed on probation for five years, the four terms of probation to run concurrently with each other, but consecutively to all of the other terms of probation imposed. Finally, in case 91-1734, appellant was sentenced to 3½ years in prison (the maximum permitted guidelines sentence). With regard to this last sentence, the trial court said, “This sentence is consecutive to all other sentences imposed ” (emphasis added).
Clearly, the imposition of three terms of probation totaling fifteen years, to be followed by a prison term, constitutes an illegal sentence. Equally clearly, the error is a fundamental one. Accordingly, we must reverse appellant’s sentences and remand with directions that the trial court resen-tence appellant.
Our resolution of this appeal obviates the need to reach the issue raised by appellant. However, we note that if, as appellant and the state seem to believe, the trial court intended to sentence appellant to 3½ years in prison to be followed by three consecutive 5-year terms of probation, we are unable to discern how such a sentence would serve any proper purpose. We direct the trial court’s attention to the decisions in Poore v. State, 531 So.2d 161 (Fla.1988); and State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA1991).
REVERSED and REMANDED, with directions.
ALLEN, WOLF and WEBSTER, JJ., concur.