805 So.2d 850 (2001)
Devaugh L. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1236.
District Court of Appeal of Florida, Second District.
August 15, 2001.
*851 FULMER, Judge.
Devaugh L. Thomas appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. We affirm in part and reverse in part.
On January 13, 2000, Thomas pleaded guilty to one count of driving with a suspended license in case number 99-17486 and another count of driving with a suspended license in case number 99-20953. He was sentenced to eighteen months' community control followed by eighteen months of probation in both cases. In case number 99-17486, he was also ordered to serve weekends in jail for a specified period of time as a condition of community control.[1] Thomas violated his probation and was sentenced to concurrent terms of eighteen months in prison for the violation, but was awarded credit for the weekend jail time served only in case number 99-17486.
In his motion to correct sentencing error, Thomas raises two issues. We find no merit to Thomas's claim that his sentence of eighteen months is excessive given the point range established in his guidelines scoresheet. As the trial court correctly noted, Thomas scored 35.7 points. Therefore, any nonstate prison sanction was the lowest permissible sentence that could be imposed, not the maximum as Thomas seems to contend. Because Thomas's offenses were committed after the effective date of the Criminal Punishment Code, October 1, 1998, Thomas could have been given the statutory maximum for his offenses. See § 921.002(g), Fla. Stat. (1999).
Thomas also claims that the weekend jail credit should have been awarded on both cases. We agree. The trial court determined that the rule in Tripp v. State, 622 So.2d 941 (Fla.1993), did not apply because the probation ordered in case number 99-20953 was concurrent with, not consecutive to, the probation in case number 99-17486. We believe the application of Tripp is triggered not by whether a consecutive period of probation is ordered, but by the fact of offenses being scored on the same scoresheet and, thus, factored into the computation of a permissible sentence imposed at the same sentencing proceeding. We also join the Third District and the Fifth District in the recognition that the Tripp rule should come into play only where necessary to keep sentences within the guidelines but that the supreme court has not yet receded from Tripp to impose such a limitation. See Witherspoon v. State, 776 So.2d 984 (Fla. 5th DCA 2001); Priester v. State, 711 So.2d 177 (Fla. 3d DCA 1998). We observe that the legislative broadening of permissible *852 guidelines sentencing ranges has virtually eliminated the circumvention of the guidelines problem with which Tripp was concerned. Nevertheless, because Tripp appears to require that credit be granted on both cases, we reverse and remand for the trial court to award the additional credit.
Affirmed in part and reversed in part.
THREADGILL, A.C.J., and GREEN, J., Concur.
NOTES
[1] The trial court's order erroneously recites that the weekend jail condition was imposed in both cases.