WARNER, J.
Appellant challenges his multiple convictions and sentences resulting from an altercation with a victim and then further altercations with the pursuing police. We affirm.
As to the conviction, he claims that during trial the court erroneously admitted a hearsay statement as an excited utterance. While we agree that the statement was erroneously admitted, we conclude it was harmless.
He also claims that the court erroneously imposed consecutive sentences on two of the counts, arguing the Criminal Punishment Code precludes consecutive sentences for convictions arising out of the same criminal episode. We reject this argument, as the statute clearly permits the imposition of consecutive sentences. See § 921.0024(2), Fla. Stat. (1999) (“The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively.” (Emphasis added)); see also § 775.021(4)(a), Fla. Stat. (1999) (‘Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.” (Emphasis added)).
We affirm as to all other issues raised.
GUNTHER and GROSS, JJ., concur.