859 So.2d 613 (2003)
Geanetta MOORE a/k/a Jeanetta Moore, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-617.
District Court of Appeal of Florida, First District.
November 26, 2003.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
*614 WEBSTER, J.
In this direct criminal appeal, appellant seeks review of sentences imposed following revocation of probation. She argues that, because she was originally sentenced on two counts in one case to concurrent 24-month prison terms to be followed by concurrent 5-year probationary terms on two counts of a second case, the decisions in Tripp v. State, 622 So.2d 941 (Fla.1993), and its progeny mandate that she receive credit upon the revocation of her probation in the second case for the time she spent in prison on the sentences imposed in the first case. Because appellant was sentenced pursuant to the Criminal Punishment Code rather than its predecessor (the sentencing guidelines), we disagree and, accordingly, affirm. We also certify to the supreme court a question which we believe to be of great public importance.

I.
In November 2000, appellant entered no-contest pleas to charges of grand theft and felony failure to appear in case number 99-2202, and to identical charges in case number 99-4516. In January 2001, the trial court sentenced appellant pursuant to the Criminal Punishment Code (§§ 921.002-921.0027, Fla.Stat.(1999)) to concurrent 24-month prison terms on the two counts in case number 99-2202, to be followed by concurrent 5-year probationary terms on the two counts in case number 99-4516. Appellant served the prison terms imposed in case number 99-2202, and began her probation in case number 99-4516.
In January 2003, appellant admitted that she had violated her probation. Her attorney argued that she was entitled to credit for prison time previously served in case number 99-2202 on any prison sentence imposed in case number 99-4516 for violation of probation because the original Criminal Punishment Code scoresheet used had included both cases. The trial court agreed with the prosecutor that appellant was not entitled to such credit because she was being sentenced in only case number 99-4516. Accordingly, the trial court revoked appellant's probation in that case, sentencing her to concurrent 36-month prison terms on the two counts. It did not award any credit for the time appellant had previously served in prison on the sentences imposed in case number 99-2202.
Appellant subsequently filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b), again requesting credit on her sentences in case number 99-4516 for the time she had spent in prison on the sentences imposed in case number 99-2202, and relying on Tripp v. State, 622 So.2d 941 (Fla.1993), and State v. Witherspoon, 810 So.2d 871 (Fla.2002). The trial court denied the motion, concluding that Tripp and Witherspoon did not apply because appellant had been sentenced pursuant to the Criminal Punishment Code rather than the pre-1998 sentencing guidelines. This appeal follows.

II.

A.
In Tripp, the defendant had pleaded guilty pursuant to a plea agreement to charges of burglary and grand theft, which had occurred in November 1988, and had been charged in a single information. State v. Tripp, 591 So.2d 1055, 1056 (Fla. 2d DCA 1991). In return, the state had agreed to imposition of a guidelines sentence. Id. Pursuant to the sentencing guidelines, the maximum permitted sentence was 4½ years. Id. The trial court imposed a 4-year prison sentence for the burglary. Id. For the grand theft, the court placed Tripp on probation. Id. The *615 probation was to run consecutively to the prison sentence. Id. After completing his prison sentence, Tripp began his probationary term. Id. A short time later, he violated the terms of that probation. Id. Probation was revoked, and Tripp was sentenced to 4½ years in prison. Id. He was also given credit against that sentence for the 4 years he had already served for the burglary conviction. Id.
On appeal, the Second District Court of Appeal reversed. It concluded that the sentences imposed had not amounted to a split sentence for which jail credit was required but, instead, involved one sentence followed by a separate, consecutive, sentence of probation. Id. Because two separate sentences were involved, the court reasoned that Tripp was not entitled to jail credit on the second, consecutive, sentence for time spent in prison on the first sentence. Id. at 1056-57. However, recognizing that its holding would permit trial courts to exceed the maximum permitted sentence contemplated by the sentencing guidelines (id. at 1057), the court certified the following question to the supreme court:
IF A TRIAL COURT IMPOSES A TERM OF PROBATION ON ONE OFFENSE CONSECUTIVE TO A SENTENCE OF INCARCERATION ON ANOTHER OFFENSE, CAN JAIL CREDIT FROM THE FIRST OFFENSE BE DENIED ON A SENTENCE IMPOSED AFTER A REVOCATION OF PROBATION ON THE SECOND OFFENSE?
Id.
The supreme court accepted review, answered the certified question in the negative, and quashed the Second District's decision. Tripp v. State, 622 So.2d 941, 942-43 (Fla.1993). It "h[e]ld that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Id. at 942 (footnote omitted). In support of this holding, the court offered the following analysis:
The purpose of the sentencing guidelines is "to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process" so as to eliminate unwarranted variation in sentencing.... One guidelines scoresheet must be utilized for all offenses pending before the court for sentencing.... A sentence must be imposed for each separate offense, but the total sentence cannot exceed the permitted range of the applicable guidelines scoresheet unless a written reason is given.... Sentences imposed after revocation of probation must be within the recommended guidelines range and a one-cell bump.
When Tripp was originally sentenced, the maximum jail time he could have received within the permitted range of the sentencing guidelines was four and one-half years. Under ordinary circumstances, when he violated his probation, his sentence could not exceed the five-and-one-half-year maximum of the next highest permitted range (limited by the fact that the maximum sentence for a third-degree felony is five years), less credit for time served. The problem arises because Tripp committed two crimes. Unless he is given credit for time served on the one against the sentence imposed for the other upon the probation violation, his total sentence for the two crimes will be eight and one-half years, which is three years beyond the permitted range of a one-cell bump.
[I]t appears that the sentencing method sanctioned by the district court of *616 appeal is inconsistent with the intent of the sentencing guidelines. Under this method, trial judges can easily circumvent the guidelines by imposing the maximum incarcerative sentence for the primary offense and probation on the other counts. Then, upon violation of probation, the judge can impose a sentence which again meets the maximum incarcerative period. Without an award of credit for time served for the primary offense, the incarcerative period will exceed the range contemplated by the guidelines.
The State argues that Tripp was convicted of two separate crimes and received two separate sentences. Thus, Tripp is not entitled to credit for time served on his first conviction after revocation of probation on his second conviction. The State, however, ignores the fact that both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet and must continue to be treated in relation to each other, even after a portion of the sentence has been violated.
Id.

B.
Less than two years later, the supreme court extended Tripp in Cook v. State, 645 So.2d 436 (Fla.1994). In 1989, Cook had been convicted of five counts in three cases, and placed on concurrent 3-year probationary terms for all counts. Id. at 436. In 1990, Cook was convicted of four new counts, and found to have violated his probation in the earlier cases. Id. For the four new counts, Cook received concurrent 4½-year guidelines sentences. Id. In addition, his probation was revoked on the 1989 convictions and he was again given concurrent 3-year probationary terms, to be served consecutively to the prison terms. Id. Following his release from prison, Cook promptly violated the probation imposed in the 1989 cases. Id. His probation was revoked, and he was sentenced in the 1989 cases to concurrent 3½-year prison terms. Id. at 436-37. The trial court denied Cook's request that he be given credit on those sentences for the 4½ years he had served for the 1990 convictions, and we affirmed. Id. at 437.
The supreme court quashed our decision, "conclud[ing] that Cook should have been credited with the four and a half years he served for the 1990 offenses when he was sentenced ... for violating his probation on the 1989 offenses for a second time." Id. at 438. In doing so, the court appeared to focus on the fact that, like Tripp, the sentencing guidelines had required that Cook be sentenced using a single scoresheet. Id. at 437. Because of this, according to the court, Tripp required that the multiple offenses included on the original scoresheet
must continue to "be treated in relation to each other, even after a portion of the sentence has been violated." ... Accordingly, where a defendant is sentenced to prison to be followed by probation for multiple offenses, and ultimately violates that probation, that defendant's cumulative sentence may not exceed the guidelines range of the original scoresheet.... Otherwise, trial judges could structure sentences in such a manner as to circumvent the guidelines.
Id. at 437-38 (citing Tripp, 622 So.2d at 942). The court reached this conclusion notwithstanding the fact that, unlike the situation in Tripp, in Cook the total sentence imposed did not exceed the permitted guidelines rangei.e., there was nothing to suggest the trial court had attempted "to circumvent the guidelines."

C.
More recently, the court has reiterated its position in Cook that, when guidelines *617 sentences are imposed for multiple offenses using a single scoresheet, those sentences must continue to be treated "as an interrelated unit" when imposing a sentence following a subsequent violation of probation because all of the offenses "`were factors that were weighed in the original sentencing.'" Hodgdon v. State, 789 So.2d 958, 963 (Fla.2001) (citing Tripp). Noting that "[a]t the root of [its] decision [in Tripp ] was a desire to effectuate the intent underlying the sentencing guidelines" (id. at 959), the court said:
Although we were concerned in Tripp with the circumvention of the sentencing guidelines, we were equally concerned with ensuring that offenses treated together at sentencing via a single scoresheet continue to be treated as a single unit for purposes of sentencing upon a violation of probation.
Id. at 962 n. 5. Some six months later, the court reaffirmed Hodgdon in State v. Witherspoon, 810 So.2d 871 (Fla.2002).

III.
We begin our analysis with recognition of the fact that, "[i]n Florida, the plenary power to prescribe the punishment for criminal offenses lies with the legislature, not the courts." Woods v. State, 740 So.2d 20, 23 (Fla. 1st DCA 1999) (citations omitted). See also § 921.002(1), Fla. Stat. (1999) ("The provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature"); Hall v. State, 823 So.2d 757, 763 (Fla.2002). Accordingly, to answer the question posed by this appeal we must determine what the legislature intended the result to be pursuant to the Criminal Punishment Code (§§ 921.002-921.0027, Fla.Stat.(1999)). This is consistent with the supreme court's effort in Tripp and its progeny "to effectuate the intent underlying the sentencing guidelines." Hodgdon, 789 So.2d at 959.
Tripp and its progeny (Cook, Hodgdon and Witherspoon) all involved sentences imposed pursuant to the sentencing guidelines. The legislature has since abandoned that sentencing scheme in favor of the Criminal Punishment Code. Because the sentences in this case were imposed pursuant to the latter, and our task is to ascertain and give effect to the legislature's intent thereunder, we do not believe that the Tripp line of cases constitutes binding precedent. However, the only other appellate decision on point in Florida which we have found appears to reach the contrary conclusion. See Thomas v. State, 805 So.2d 850 (Fla. 2d DCA 2001). Accordingly, we note apparent conflict with Thomas, and certify to the supreme court the question at the conclusion of this opinion, which we believe to be of great public importance.
Appellant contends that, because all of her offenses were originally scored on the same scoresheet, Tripp and its progeny mandate that she be given credit on her sentences in case number 99-4516 for the time she previously served in prison on the sentences imposed in case number 99-2202. The state responds that, because appellant's sentences were imposed pursuant to the Criminal Punishment Code rather than the sentencing guidelines, the Tripp line of cases has no bearing. For the reasons that follow, we agree with the state.
It is apparent from a reading of the Criminal Punishment Code that it was intended to return to trial judges most of the discretion regarding sentencing that they had traditionally enjoyed prior to the adoption of the sentencing guidelines. The Code states that "[t]he trial court judge may impose a sentence up to and *618 including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control." § 921.002(1)(g), Fla. Stat. (1999). It further provides:
The total sentencing points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.
§ 921.0024(2), Fla. Stat. (1999). Unlike the sentencing guidelines, the Code does not provide an upper limit to the possible sentence other than the statutory maximum (unless the lowest permissible sentence exceeds the statutory maximum), and expressly permits the trial court to impose concurrent or consecutive sentences without restriction. Hall v. State, 773 So.2d 99, 101 (Fla. 1st DCA 2000), approved, 823 So.2d 757 (Fla.2002); Pruitt v. State, 801 So.2d 143, 144 (Fla. 4th DCA 2001). Compare Fla. R.Crim. P. 3.701(d)(12) ("A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given"); Fla. R. Crim P. 3.702(d)(19) & 3.703(d)(31) ("The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered").
Given these differences, we conclude that Tripp and its progeny have no bearing on sentences such as appellant's, imposed pursuant to the Criminal Punishment Code. Although appellant's offenses were scored on a single scoresheet, the scoresheet was relevant only to determining the lowest permissible sentence. The trial court remained free to sentence up to the statutory maximum on each offense (including offenses before it on a violation of probation) and to impose those sentences either concurrently or consecutively. The sentences cannot be considered an interrelated unit. Thus, when probation on one offense is ordered to run consecutively to incarceration on another, there is simply no logical reason to award credit for the prison time previously served for the first offense against a newly imposed prison sentence on the second offense following a revocation of probation. To do so would provide a windfall to the defendant, in contravention of the Code's relatively clearly expressed intent. Accordingly, we hold that appellant was not entitled to credit against her sentences in case number 99-4516 for the time she had previously served in prison on the sentences imposed in case number 99-2202.

IV.
We affirm appellant's sentences. However, we also certify to the supreme court the following question, which we believe to be of great public importance:
WHEN SENTENCING PURSUANT TO THE CRIMINAL PUNISHMENT CODE (§§ 921.002-921.0027, Fla. Stat.(1999)) FOR A VIOLATION OF A PROBATIONARY TERM ORIGINALLY IMPOSED TO RUN CONSECUTIVELY TO A PRISON TERM IMPOSED FOR A DIFFERENT OFFENSE, DO Tripp v. State, 622 So.2d 941 (Fla.1993), AND ITS PROGENY REQUIRE THE TRIAL COURT TO *619 AWARD CREDIT FOR TIME PREVIOUSLY SERVED ON THE SENTENCE IMPOSED FOR THE DIFFERENT OFFENSE?
AFFIRMED.
KAHN and VAN NORTWICK, JJ., concur.