882 So.2d 977 (2004)
Geanetta MOORE a/k/a Jeanetta Moore, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-2136.
Supreme Court of Florida.
August 26, 2004.
*978 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Tallahassee Bureau Chief and Alan R. Dakan, Assistant Attorney General, Tallahassee, FL, for Respondent.
LEWIS, J.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
WHEN SENTENCING PURSUANT TO THE CRIMINAL PUNISHMENT CODE (§§ 921.002-921.0027, Fla.Stat.(1999)) FOR A VIOLATION OF A PROBATIONARY TERM ORIGINALLY IMPOSED TO RUN CONSECUTIVELY TO A PRISON TERM IMPOSED FOR A DIFFERENT OFFENSE, DO Tripp v. State, 622 So.2d 941 (Fla.1993), AND ITS PROGENY REQUIRE THE TRIAL COURT TO AWARD CREDIT FOR TIME PREVIOUSLY SERVED ON THE SENTENCE IMPOSED FOR THE DIFFERENT OFFENSE?
Moore v. State, 859 So.2d 613, 618-19 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS AND PROCEDURAL HISTORY
The instant matter concerns two separate criminal actions, each involving two counts, prosecuted against the petitioner, Geanetta Moore. In case number 99-2202, Moore was charged with grand theft and felony failure to appear. In case number 99-4516 she was also charged with grand theft and felony failure to appear. Moore pled no contest to all four counts in the two actions. A single criminal punishment code (hereinafter "CPC") scoresheet that included all four counts was prepared. The felony failure to appear in case number 99-2202 was used as the primary offense, with the remaining three offenses considered as "additional offenses." Moore's total sentencing points were 46.8, and the scoresheet established that the lowest permissible prison sentence was 11.1 months. Moore was sentenced to a *979 "split" sentence. With respect to case number 99-2202, she was sentenced to twenty-four months imprisonment on each count, with the sentences to run concurrently. For the two counts in case number 99-4516, Moore received concurrent terms of five years' probation for each count, to run consecutively to the prison sentence in case number 99-2202. Moore completed her prison sentence for case number 99-2202, and began her probation. See Moore, 859 So.2d at 614.
Subsequently, on September 6, 2002, an affidavit was filed asserting that Moore had violated her probation in case number 99-4516. At a hearing held on January 16, 2003, Moore admitted that she had violated her probation. For both counts in case number 99-4516, the judge sentenced Moore to thirty-six months in state prison, with the sentences to run concurrently. Moore's attorney objected to the sentence, arguing that Moore was entitled to credit for the time she had served in case number 99-2202. The judge refused to grant Moore credit for the time she served in the separate case.[1]
On January 27, 2003, Moore filed a Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), asserting that the judge erred in not granting her credit for the time served in case number 99-2202. The trial court denied the motion, holding that the authority relied upon by Moore, namely Tripp v. State, 622 So.2d 941 (Fla.1993), and its progeny, were not applicable because Moore was sentenced pursuant to the CPC, not the sentencing guidelines. The court noted that the rationale behind Tripp was to "prevent a Defendant from being sentenced in excess of the sentencing guidelines range on a [violation of probation]." A sentence pursuant to the CPC, however, is limited by only the statutory maximum. Because Tripp was not applicable to sentences under the CPC, the court held Moore was not entitled to relief.
On appeal, the First District examined this Court's decision in Tripp, and outlined the subsequent decisions from this Court applying and extending Tripp, including Cook v. State, 645 So.2d 436 (Fla.1994); Hodgdon v. State, 789 So.2d 958 (Fla.2001); and State v. Witherspoon, 810 So.2d 871 (Fla.2002). The district court affirmed the trial court's denial of relief, holding that Tripp and its progeny did not constitute binding precedent, as they involved sentencing pursuant to the sentencing guidelines, while Moore was sentenced under the CPC. See Moore, 859 So.2d at 617. The court noted that, as had occurred in Tripp, only a single scoresheet was utilized in Moore's initial sentencing; however, the significant differences between the sentencing guidelines and the CPC resulted in Tripp being inapplicable. See id. at 618. The court reasoned:
[Moore's] sentences cannot be considered an interrelated unit. Thus, when probation on one offense is ordered to run consecutively to incarceration on another, there is simply no logical reason to award credit for the prison time previously served for the first offense against a newly imposed prison sentence on the second offense following a revocation of probation. To do so would provide a windfall to the defendant, in contravention of the Code's relatively clearly expressed intent. Accordingly, *980 we hold that appellant was not entitled to credit against her sentences in case number 99-4516 for the time she had previously served in prison on the sentences imposed in case number 99-2202.
Id. Although the district court affirmed Moore's sentence, it also certified to this Court a question of great public importance.

TRIPP AND ITS PROGENY
Unquestionably, had the petitioner been sentenced pursuant to the sentencing guidelines she would have been entitled to credit for the prison time she served in case number 99-2202 upon sentencing in case number 99-4516 after the violation of probation related to such charges. See Tripp, 622 So.2d at 942. However, the trial court declined to grant her credit for the time served in the first case because Moore was sentenced not under the sentencing guidelines but rather pursuant to the CPC. We must now decide whether our decision in Tripp, and the several subsequent decisions that have clarified and extended Tripp, become applicable to those sentenced pursuant to the criminal punishment code. As this is a pure question of law, the standard of review is de novo. See Martinez v. Fla. Power & Light, Co., 863 So.2d 1204, 1205 n. 1 (Fla.2003); Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000). Based upon the analysis below, we answer the certified question in the negative, agree with the district court of appeal below, and hold that Tripp and its progeny do not apply to CPC sentences.
In Tripp, this Court answered, in the negative, the following certified question: "If a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, can jail credit from the first offense be denied on a sentence imposed after a revocation of probation on the second offense?" Tripp, 622 So.2d at 941. In Tripp, the defendant pled guilty to two felony charges, burglary and grand theft. See id. He was sentenced to four years' imprisonment on the burglary charge, and four years' probation, to be served consecutive to the prison sentence, on the grand theft charge. See id. After serving his prison time, Tripp was released on probation. Shortly thereafter, he violated his probation. See id. The judge then sentenced him to four and one-half years' imprisonment on the grand theft charge, but gave him four years' credit for the time previously served on the burglary charge. See id. The district court reversed Tripp's sentence, and held that he was not entitled to credit for time served on the burglary charge. See id.
On review, we agreed with the sentence imposed by the trial court. Initially, we noted the purpose of the sentencing guidelines:
The purpose of the sentencing guidelines is "to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process" so as to eliminate unwarranted variation in sentencing. Fla. R.Crim. P. 3.701(b). One guidelines scoresheet must be utilized for all offenses pending before the court for sentencing. Fla. R.Crim. P. 3.701(d)(1). A sentence must be imposed for each separate offense, but the total sentence cannot exceed the permitted range of the applicable guidelines scoresheet unless a written reason is given. Fla. R.Crim. P. 3.701(d)(12). Sentences imposed after revocation of probation must be within the recommended guidelines range and a one-cell bump. Fla. R.Crim. P. 3.701(d)(14).
Id. at 942. The focus of our decision was clearly upon ensuring that the intent and purpose behind the sentencing guidelines *981 not be violated. We noted that when Tripp was originally sentenced, the trial court used one scoresheet, and the maximum jail time Tripp could have received for the two counts was four and one-half years. See id. Upon a violation of probation, the maximum sentence would have been five and one-half years. See id. However, without credit for time served, Tripp's total sentence after the violation of probation would have been eight and one-half years' incarceration (four years for the original burglary charge and four and one-half years for the grand theft charge after the violation of probation), three years more than was permitted by the original guidelines sentence. See id.
There, we held that a failure to grant credit for time served on the original sentence of imprisonment would allow trial judges to "easily circumvent the guidelines." Id. The fact that "both offenses were factors that were weighed in the original sentencing through the use of a single scoresheet" could not be ignored and, therefore, the two counts had to continue to be treated together after a violation of probation on a second, separate count. Id. We noted: "We hold that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Id.
One year after Tripp was decided, this Court again addressed the relevant issue in Cook v. State, 645 So.2d 436 (Fla.1994). Cook involved a more complicated factual situation, which varied somewhat from that presented in Tripp. In Cook, the defendant was initially convicted of several offenses in 1989. He was placed on probation for those offenses. See id. at 436. In 1990, he was convicted of several new offenses, and admitted that he had violated his probation for the 1989 offenses. See id. He was sentenced to four and one-half years' incarceration for the new 1990 offenses, and was again placed on probation for the 1989 offenses, to be served consecutive to his prison sentence for the 1990 offenses. See id. After serving his prison sentence for the 1990 offenses, the defendant was released and began serving his probation for the 1989 offenses. See id. In 1991, Cook once again violated his probation for the 1989 offenses. The trial court sentenced him to three and one-half years' imprisonment for the 1989 crimes, and refused to grant credit for time served on the 1990 offenses. See id. at 437. As this Court had not yet rendered its decision in Tripp, the district court affirmed Cook's sentence. Following the decision in Tripp, however, this Court quashed the district court's decision in Cook, and remanded for further proceedings consistent with Tripp. See id.
On remand, the district court again affirmed the sentence imposed by the trial court, and noted that "[t]o allow Cook 4.5 years credit, for time served on the 1990 offenses, on the concurrent 3.5 year sentences imposed for the 1989 offenses after he twice violated his probation for those offenses, would result in no sanction for the second violation of probation. Surely the sentencing guidelines do not intend such a result." Id. (quoting Cook v. State, 635 So.2d 70, 71 (Fla. 1st DCA 1994)). The district court concluded that Tripp was not intended to apply in every situation in which probation for a second, separate offense was imposed consecutive to a sentence of imprisonment for another offense. See id.
We quashed the decision of the district court, and held that pursuant to Tripp, Cook should have been granted credit for the four and one-half years' imprisonment *982 he served for the 1990 offenses when he was resentenced for the 1989 offenses following his violation of probation on those offenses. See id. at 438. The state argued that Cook's case differed from Tripp because his 1990 sentence of four and one-half years' imprisonment for the 1990 offenses to be followed by three years' probation for the 1989 offenses was a "resentencing" for the 1989 offenses. See id. at 437-38. The state further argued that if Cook was granted four and one-half years' credit for the time served on the 1990 offenses, he would serve no additional prison time for the second violation of probation, for which the judge imposed a three and one-half year sentence. See id. at 438 n. 5.
We were not persuaded by the state's arguments at that time. Instead, we held that it was irrelevant that Cook had been "resentenced," in 1990, to probation for the 1989 offenses after his first violation of probation. In 1990, one scoresheet was utilized when Cook was sentenced to prison for the 1990 offenses to be followed by probation for the 1989 offenses and, therefore, Tripp was applicable. See id. at 438. Further, we noted that Cook had not received an "unwarranted windfall" because he would not serve any additional jail time for the 1989 offenses, as the state had asserted. We analyzed that the trial judge elected to sentence Cook to three and one-half years following the second violation of probation. However, pursuant to the sentencing guidelines range devised from the original scoresheet, the judge could have sentenced Cook to as many as seventeen years (a two-cell increase for the two violations of probation above the maximum established on the 1990 scoresheet). Therefore, if it was the judge's intention that Cook would serve three and one-half years' imprisonment for the two violations of probation of the 1989 offenses, he could have sentenced Cook to eight years' imprisonment, applied the four and one-half years' credit, and Cook would have faced three and one-half years' imprisonment. See id. at 438 n. 5. It was only because the judge chose to sentence Cook to only three and one-half years instead of initiating a permitted higher sentence that ultimately Cook would not actually serve any additional time incarcerated. See id.
The next instance in which this Court was presented with circumstances to address a Tripp issue was in Hodgdon v. State, 789 So.2d 958 (Fla.2001). There, the defendant had been sentenced for numerous counts in 1989 to fifteen years in prison (fifteen years for one count, five for another, to be served concurrently) to be followed by twenty years' probation for four separate charges (two ten-year concurrent probationary terms to be followed by two consecutive terms of five years each). See id. at 961. After serving his prison time, Hodgdon was released and subsequently violated his probation. See id. At sentencing following the violation of probation, Hodgdon argued that he was entitled to credit for the prison time served for each individual consecutive sentence of probation. See id.[2] The trial court disagreed, and instead sentenced him to a total of forty years in prison (two fifteen-year sentences and two five-year sentences, all sentences to run consecutively). See id. at 962. The court credited the fifteen years Hodgdon had previously served against the entire forty-year sentence, rather than each individual sentence. *983 See id. The district court affirmed the sentence. See id.
We approved Hodgdon's sentence. Initially, we reviewed our decision in Tripp and explained: "At the root of our decision [in Tripp] was a desire to effectuate the intent underlying the sentencing guidelines." Id. at 959. We also noted that, in contrast to Tripp, Hodgdon did not involve a sentence that exceeded that which was permitted under the sentencing guidelines. See id. at 962. That fact alone, however, did not preclude application of Tripp. See id. In Tripp, the defendant had violated only one term of probation, while the defendant in Hodgdon had violated four. We concluded that Tripp stands for the proposition that the original sentences must be treated as an interrelated unit. See id. at 963. Therefore, we announced: "[W]e clarify our holding in Tripp to emphasize that a defendant who violates probation on multiple counts imposed consecutive to a prison term is entitled to credit for the time served on the prison term as to the entire sentence imposed on the probation violation, not against each individual count on which probation was violated." Id. Importantly, we further provided that "[T]his Court's holding in Tripp was intended to prevent the circumvention of the guidelines by treating sentences computed on one scoresheet as an interrelated unit. Tripp was never intended to provide a sentencing boon or windfall to defendants upon violations of probation." Id.
The final decision from this Court in the Tripp progeny was State v. Witherspoon, 810 So.2d 871 (Fla.2002). There, we answered the following certified question from the Fifth District:
When a defendant is originally sentenced consecutively on a single scoresheet, does the holding in Tripp v. State, 622 So.2d 941 (Fla.1993), require the granting of credit for time served in prison where the defendant's newly imposed sentence upon revocation of probation does not exceed the maximum permitted by the sentencing guidelines?
Id. at 872. We answered the certified question in the affirmative, holding that the certified question had been answered in Hodgdon. See id. at 873. We declared: "Consistent with Hodgdon, we hold that Tripp should be applied notwithstanding the fact that the newly imposed sentence is within the guidelines." Id.

THOMAS V. STATE
The First District in the instant action not only certified a question for this Court's consideration and resolution, it also noted apparent conflict with the Second District's decision in Thomas v. State, 805 So.2d 850 (Fla. 2d DCA 2001). See Moore, 859 So.2d at 617. In Thomas, the defendant pled guilty to one count of driving with a suspended license in case number 99-17486 and he also pled guilty to one count of driving with a suspended license in case number 99-20953. See Thomas, 805 So.2d at 851. Thomas was sentenced pursuant to the CPC rather than under the sentencing guidelines. See id. In case number 99-17486 he received a sentence of eighteen months' community control to be followed by eighteen months' probation. He was also sentenced to serve weekends in jail as a condition of his community control. See id. In case number 99-20953 he received the identical sentence, except he was not ordered to serve weekends in jail for that conviction. See id. Subsequently, Thomas violated his probation. After the violation he was sentenced to concurrent terms of eighteen months in prison. Credit for the weekend jail time served in case number 99-17486 was applied only to the prison sentence imposed, after the violation, in case number 99-17486. See id.
*984 On appeal, Thomas argued that pursuant to Tripp he was entitled to credit for the weekend jail time in both cases. The trial court had apparently declined to apply the Tripp proposition because the probation ordered in case number 99-20953 was concurrent with, and not consecutive to, the probation ordered in case number 99-17486. See id. The Second District disagreed. The court opined: "We believe the application of Tripp is triggered not by whether a consecutive period of probation is ordered, but by the fact of offenses being scored on the same scoresheet and, thus, factored into the computation of a permissible sentence imposed at the same sentencing proceeding." Id.
The Thomas court did not explicitly address the specific issue currently before us, namely whether Tripp and its progeny are applicable to CPC sentences. However, the Second District did implicitly acknowledge the difference between the CPC and the sentencing guidelines by recognizing: "We observe that the legislative broadening of permissible guidelines sentencing ranges has virtually eliminated the circumvention of the guidelines problem with which Tripp was concerned. Nevertheless, because Tripp appears to require that credit be granted on both cases, we reverse and remand for the trial court to award the additional credit." Id. at 851-52. As the Second District did apply the Tripp requirements to Thomas' CPC sentences, it is in apparent conflict with the instant decision in Moore, in which the First District expressly held that the Tripp principles were not applicable to CPC sentences.

ANALYSIS
When the Legislature adopted the criminal punishment code in 1998, it substantially altered sentencing in Florida. As we recently discussed:
In Jones v. State, 813 So.2d 22 (Fla.2002), we recognized that the establishment of the Criminal Punishment Code in 1998 made substantial changes relating to the sentencing guidelines. See id. at 25. Under the former sentencing guidelines, a narrow range of permissible sentences was determined through a strict mathematical formula. See § 921.0014(2), Fla. Stat. (2000). It was then within the judge's discretion to sentence the defendant within that narrow range. In contrast, under the now-applicable CPC, "[t]he permissible range for sentencing shall be the lowest permissible sentence [as determined by the number of total sentencing points] up to and including the statutory maximum." § 921.0024(2), Fla. Stat. (2000). Conceptually, the CPC and the former sentencing guidelines are not synonymous, ...."
Nettles v. State, 850 So.2d 487, 492-93 (Fla.2003). Therefore, because a CPC sentence is conceptually different than a guidelines sentence, not all rules that were applicable to guidelines sentencing are applicable to CPC sentencing. The rule established in Tripp is such an example.
We have recognized that our decision in Tripp was grounded upon "a desire to effectuate the intent underlying the sentencing guidelines." Hodgdon, 789 So.2d at 959. In Tripp, we noted that if a defendant was not granted credit for time served, the guidelines could be "easily circumvent[ed]." Tripp, 622 So.2d at 942. As we explained in Tripp, under the guidelines, while individual sentences were required to be imposed for each separate offense, the offenses were interrelated because a single total sentencing guidelines range was to be established on a single scoresheet. See id. at 942. If a defendant subsequently violated probation, the judge was restricted to sentencing that defendant *985 within a one-cell increase above the original guidelines range. See id. These restrictions were eliminated by the CPC.
Under the CPC, "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control." § 921.002(1)(g), Fla. Stat. (1999) (emphasis added). The Legislature expressed that the primary purpose of sentencing is to be punishment. See § 921.002(1)(b), Fla. Stat. (1999). As with the sentencing guidelines, a single scoresheet for all offenses is used for CPC sentencing. However, a single sentencing range is not established under the CPC as occurred under the prior guidelines. "The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum ... for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively." § 921.0024(2), Fla. Stat. (1999).
Under the prior guidelines, the individual offenses were considered interrelated because together they were used to establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, together the individual offenses only establish the minimum sentence that may be imposed; a single maximum sentence is not established  each individual offense has its own maximum sentence, namely the statutory maximum for that offense. Under the CPC, multiple offenses are not interrelated as they were previously under the guidelines.
In Tripp and its progeny, we addressed concerns unique to the sentencing guidelines. We highlighted in Tripp that with the circumstances presented there, both offenses were factors considered in the original sentence. See Tripp, 622 So.2d at 942. Additionally, unlike application of CPC sentencing, the offenses were factors that were jointly considered to establish a sentencing range. Offenses were required to be addressed as interrelated until all sentences and probationary terms were satisfied because the offenses together created the initial sentencing range  the minimum and maximum permissible sentence. While one scoresheet may still be utilized in CPC sentencing, a sentencing range is not established under the CPC; only a minimum permissible sentence is determined. The maximum sentence for each offense is determined solely by the statutory maximum for the individual offenses.
The concerns previously relevant to the Court's analysis in deciding Tripp and its progeny are no longer present in CPC sentencing. The Legislature has now specifically provided that a defendant may be sentenced up to the statutory maximum for any offense, including an offense after a violation of probation; a trial judge is no longer limited by an established guidelines maximum and a one-cell bump. Therefore, because the concerns related to guidelines sentencing are no longer present in CPC sentencing, and the courts are no longer specifically limited to a sentencing range under the CPC, there is no justification for continuing to treat separate offenses as an interrelated unit after the minimum sentence is established. The certified question is therefore answered in the negative  defendants who violate a consecutive term of probation are not entitled to credit for prison time served on a separate offense. The First District's thoughtful, articulate, and well-reasoned decision in Moore is thus approved, and, to the extent it is in conflict, the Second District's decision in Thomas disapproved.
It is so ordered.
*986 PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO and BELL, JJ., concur.
PARIENTE, C.J., concurring with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, C.J., concurring.
I concur fully in the majority opinion, and write separately to distinguish the Court's decision today from State v. Witherspoon, 810 So.2d 871 (Fla.2002).
In Witherspoon, this Court held that credit for time served under Tripp v. State, 622 So.2d 941 (Fla.1993), should be granted even when the overall sentence would not otherwise exceed the guidelines maximum. See 810 So.2d at 873. In this case, the Court holds that Tripp credit need not be granted upon revocation of probation in a Criminal Punishment Code (CPC) sentence because under the CPC, there is no ceiling on the overall sanction, as there was under the guidelines. At first glance, these results might seem inconsistent. How can the Court require Tripp credit in a case in which the denial of credit would not cause the sentence to exceed the guidelines ceiling, but decline to require the credit under a regime in which the ceiling has been abandoned?
The different results flow from the fact that under the CPC, unlike the guidelines, sentences for different offenses need not be imposed as a unit. We recognized in Tripp that the guidelines were designed to establish uniform standards that would eliminate unwarranted sentence variation by limiting the trial court's discretion to impose sentences outside presumptive sentencing ranges. See 622 So.2d at 942. As the First District stated in this case, the CPC "was intended to return to trial judges most of the discretion regarding sentencing that they had traditionally enjoyed prior to the adoption of the sentencing guidelines." Moore v. State, 859 So.2d 613, 617 (Fla. 1st DCA 2003). In contrast to the guidelines, the CPC has no ceiling other than the statutory maximum punishment, authorizes any sentence that may originally have been imposed as a penalty for violation of community control or probation, and permits a consecutive sentence for each offense. We have upheld this sentencing scheme against constitutional challenge. See Hall v. State, 823 So.2d 757 (Fla.2002).
Accordingly, different offenses pending for sentencing at the same time need no longer be considered as an interrelated unit for any purpose other than establishing the minimum sentence. Because the unitary sentencing policy of the guidelines that led to our decision in Witherspoon is largely absent from the CPC, I agree that the trial court may forego Tripp credit upon revocation of community control or probation in a sentence imposed under the Criminal Punishment Code.
ANSTEAD, J., concurs.
NOTES
[1] A CPC scoresheet was prepared after the violation of probation in case number 99-4516. It utilized the felony failure to appear charge as the primary offense, and the grand theft count was included as an additional offense. The total sentencing points were 46.9, and the lowest permissible sentence was 14.175 months. The scoresheet also noted that the statutory maximum was ten years.
[2] Had the court followed Hodgdon's argument and applied credit for the fifteen years' imprisonment to each of the four probationary terms individually, Hodgdon would not have been required to serve any additional time incarcerated following his violation of probation.