PER CURIAM.
Terrance C. Brown appeals the summary denial of his motion to accredit jail time in which he claimed that he should have received an additional ninety days jail credit against his sentence. The trial court’s order stated simply that Brown had received proper credit for time served in *1017 jail; however, no records were attached to the order. We reverse.
The standard of review for an issue involving credit for time served is de novo. Moore v. State, 882 So.2d 977, 980 (Fla. 2004). A trial court may correct a sentence that fails to allow a defendant credit for the time spent in county jail before sentencing. Fla. R. .Crim. P. 3.801(a). If the motion is legally sufficient, and the denial is based on the records in the case, a copy of the portion of the record that conclusively refutes the defendant’s entitlement to relief must be attached to the final order. Fla. R. Crim. P. 3.850(f)(5); Fla. R. Crim.,P. 3.801(e) (stating that rule 3.850(e) applies to rule 3.801).
Commendably, the State concedes that the trial court should have attached the records upon which it relied in denying Brown’s motion. We reverse and remand with instructions to the trial court to proceed as follows: Either attach to the final order a copy of the portion of the record that conclusively refutes Brown’s claimed entitlement to additional jail credit, or if the evidence in the record is lacking, conduct an evidentiary hearing, with Brown present, to determine whether he is entitled to any additional jail credit.
REVERSED AND REMANDED WITH INSTRUCTIONS.
SAWAYA, WALLIS and EDWARDS, JJ., concur.