DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICHOLAS INTERLANDI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2470

[January 8, 2020]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case Nos. 2007CF016656AMB and 2008CF001556AMB.

Nicholas Interlandi, Raiford, pro se.

No brief required for appellee.

PER CURIAM.

We affirm the trial court's denial of appellant's motion to correct illegal sentence but for reasons other than those given by the trial court.

In 2008, appellant entered a negotiated plea in three cases. He admitted violating his probation in a 2005 case (2005CF16129CFB) and pleaded guilty to new charges in 2007 and 2008 cases (2007CF016656AMB and 2008CF001556AMB). He was sentenced to a prison term on the 2005 case followed by consecutive terms of probation on the 2007 and 2008 cases. In December 2014, the trial court revoked appellant's probation and sentenced him to prison terms on the 2007 and 2008 cases. This court *per curiam* affirmed on direct appeal. *See Interlandi v. State*, 202 So. 3d 424 (Fla. 4th DCA 2016) (mandate issued December 2, 2016).

In April 2018, appellant filed the motion to correct illegal sentence at issue under Florida Rule of Criminal Procedure 3.800(a). Within the motion, appellant sought credit on his sentences in the 2007 and 2008 cases for the time he served in prison on the 2005 case. The trial court construed the motion as seeking correction of presentencing jail credit and

denied the motion as untimely under Rule 3.801, which has a one-year time limit. On appeal, appellant argues that the court erred in misconstruing his motion because he sought credit for time served in prison, not jail credit.

Appellant is correct that the trial court misconstrued his motion. However, his claim lacks merit because he is not entitled to credit in his 2007 and 2008 cases for the time he served in prison on the 2005 case. "[D]efendants who violate a consecutive term of probation are not entitled to credit for prison time served on a separate offense." *Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004). Appellant was sentenced under the Criminal Punishment Code (CPC), not under the sentencing guidelines. *Tripp v. State*, 622 So. 2d 941 (Fla. 1993), does not apply to defendants sentenced under the CPC. *Moore*, 882 So. 2d at 985.

We affirm the trial court's denial of appellant's motion pursuant to the "tipsy coachman" doctrine.

*Affirmed.*

WARNER, GROSS and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***