# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0171
Lower Tribunal No. 22-CF-1904

_____

PETER RAMOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Thomas Reese, Judge.

November 14, 2025

NARDELLA, J.

Peter Ramos raises two issues on appeal, only one of which has merit. As conceded by the State in response to this appeal, and to the Rule 3.800(b)(2) motion Ramos filed pending appeal, Ramos' sentence is an illegal sentence subject to correction. Accordingly, we vacate Ramos' sentence and remand for resentencing.

In May 2024, a jury convicted Ramos of two counts of Lewd and Lascivious Battery on a Person 12 Years of Age or Older but Less than 16 Years of Age, both of which are second–degree felonies and carry a maximum of fifteen years'

incarceration. § 800.04(4)(a)(1) and (4)(b), Fla. Stat. (2024). At sentencing, the State advised the trial court the Criminal Punishment Code Scoresheet reflected a point total of 305.4, with a lowest permissible sentence of 208.05 months prison, which equates to 17.3375 years. Despite this information, the trial court imposed a sentence greater than both the statutory maximum and lowest permissible sentence when it sentenced Ramos to 25–years imprisonment with the Department of Corrections, followed by 5 years sex offender probation, on each count to run concurrently. This was error.

Section 921.0024(2), Florida Statutes (2024), provides direction for a sentencing court's imposition of the lowest permissible sentence. Section 921.0024(2) states:

> The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximums for the offenses committed, is appropriate. When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months shall be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as

2

provided in s. 775.082, the sentence required by the code must be imposed.

The Florida Supreme Court's decision in *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021), guides our decision here. In *Gabriel*, the supreme court addressed the circumstance in which the lowest permissible sentence calculated on the defendant's scoresheet exceeded the statutory maximum sentence for two of the three offenses for which the defendant was convicted. *Id.* at 1246–47. The supreme court discussed section 921.0024(2)'s requirement that "[t]he permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum" and the exception that "[i]f the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed." *Id.* at 1247–48. The Florida Supreme Court found the trial court did not err when it imposed the lowest permissible sentence for *each* of the offenses although the lowest permissible sentence exceeded the statutory maximum under section 775.082, Florida Statutes. *Id.* at 1248–49. It further held that because "each individual offense has its own maximum sentence" under section 775.082, when the lowest permissible sentence exceeds the statutory maximum, the lowest permissible sentence becomes the maximum. *Id.* at 1249–50 (quoting *Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004)). Thus, in this circumstance, the lowest permissible sentence is both the minimum sentence and the maximum sentence the trial court may impose for each individual offense. *Id.* at 1249.

Here, Ramos' lowest permissible sentence under the Criminal Punishment Code guidelines *exceeds* the statutory maximum of fifteen years for a second–degree felony. Thus, the lowest permissible sentence of 17.3375 years is both the minimum and maximum sentencing exposure on each count. *Gabriel*, 314 So. 3d at 1249; *Butler v. State*, 838 So. 2d 554, 556 (Fla. 2003) (holding that when the statutory maximum sentence is exceeded by the lowest permissible sentence under the CPC, the lowest permissible sentence under the CPC becomes the maximum sentence the court can impose). Accordingly, we vacate Ramos' sentence and remand for resentencing.

AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.

STARGEL and MIZE, JJ., concur.

Blair Allen, Public Defender, and Andrea M. Norgard, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alicia M. Winterkorn, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED