LaROSE, Judge.
David Regino appeals the postconviction court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his first claim, Mr. Regino argues that the trial court illegally sentenced him as a habitual violent felony offender (HVFO) and prison releasee reoffender (PRR) and added a firearm enhancement for the same offense. This claim is without merit, and we affirm the postconviction court’s denial. See Grant v. State, 770 So.2d 655, 658 (Fla.2000).
Mr. Regino’s second claim, however, has merit. Mr. Regino pleaded guilty to a third-degree felony charge of aggravated assault. The signed plea form reflected a ten-year state prison term, with a five-year minimum mandatory as a PRR. The form also reflected a ten-year HVFO sentence, with no mention of a minimum prison term. At sentencing, the trial court imposed a sentence consistent with the plea agreement. The trial court specifically asked whether a minimum mandatory applied to the HVFO sentence and was assured it did not. As a consequence, the trial court orally imposed no HVFO minimum sentence. The written sentence, however, provided an HVFO minimum prison term of ten years.
We are compelled to reverse the post-conviction court’s denial of Mr. Regino’s second claim because the trial court did not orally pronounce a minimum mandatory term for Mr. Regino’s HVFO sentence. See Winchell v. State, 740 So.2d 572 (Fla. 2d DCA 1999). On remand, the trial court should enter a written sentence that conforms with the original oral pronouncement. See id.
*846 Affirmed in part, reversed in part, and remanded.
STRINGER and WALLACE, JJ., Concur.