ROTHENBERG, J.
 

 Andre L. White (“the defendant”) appeals the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although we affirm, we do so with directions to correct the Judgment to reflect the trial court’s oral pronouncement.
 

 The trial court’s order indicates that the defendant’s 3.800(a) motion was denied as “successive.” Rule 3.800(a), however, does not prohibit the filing of successive motions. What is prohibited is relitigation of the same issue(s) raised in an earlier 3.800 motion decided adversely to the defendant.
 
 See State v. McBride,
 
 848 So.2d 287, 290-91 (Fla.2003) (holding that relitigation of the same issue in an earlier 3.800 motion is barred by collateral estoppel). Although we could not determine from the record before us whether
 
 *258
 
 the trial court’s ruling was based on multiple 3.800 filings raising different claims (which is permitted), or a prior determination on the merits of the same claim (which is generally not permitted), we affirm the order denying relief on the merits.
 
 See Robertson v. State,
 
 829 So.2d 901, 906 (Fla. 2002) (holding that although a trial court may have conducted a legally incorrect analysis when crafting its order, if the court reached the right result, albeit for the wrong reason, the order may nonetheless be affirmed).
 

 The record reflects that pursuant to a negotiated plea, the defendant pled guilty to Count II: attempted armed robbery (with a firearm), and to Count IV: attempted felony murder (with a firearm), and he received a ten-year minimum mandatory sentence on Count II and a concurrent twenty-year minimum mandatory sentence on Count IV. The defendant contends that the trial court incorrectly reclassified his conviction in Count IV, attempted first degree felony murder with a deadly weapon, to a life felony, contra to
 
 Traylor v. State,
 
 785 So.2d 1179, 1181-82 (Fla.2000) (holding that attempted first degree murder with a deadly weapon is a first degree felony punishable by a term of years not exceeding life, not a life felony).
 

 The defendant is incorrect. However, his confusion is understandable. The sentencing transcript clearly reflects that the trial court understood and properly informed the defendant that Count IV was punishable by a maximum sentence of life, as opposed to a life felony.
 

 THE COURT: Mr. White, you are charged with attempted armed robbery, which is a second degree felony, punishable by a maximum period of incarceration of 15 years. Is a firearm involved?
 

 THE STATE: Yes, so that would have a ten year minimum mandatory.
 

 THE COURT: With a ten year minimum mandatory sentence. You are also charged in count III with attempted—
 

 THE STATE: Actually, it’s count IV for Mr. White.
 

 THE COURT: I’m sorry, you are right, count IV, attempted felony murder with a firearm. That is punishable by a maximum period of incarceration of life imprisonment with a ten year—
 

 THE STATE: No, for Mr. White the minimum mandatory on this is 25 years, but part of the plea negotiations between [defense counsel] and myself, we agreed to reduce that to a 20 year minimum mandatory.
 

 The scoresheet prepared by the State also correctly scored the attempted felony murder as a category “9” offense, which under section 921.0022, Florida Statutes (2001), specifies that attempted felony murder under section 782.051(1) is a first degree felony, scored as a category “9” offense.
 

 Despite the trial court’s oral pronouncements and the prosecutor, defense attorney and the trial court’s treatment of Count IV as a first degree felony punishable up to life imprisonment (based on the possession/use of a firearm during commission of the offense), the Judgment contains a clerical error. On page one of the Judgment, it reads that the defendant was convicted in Count IV to attempted felony murder with a deadly weapon and classified the conviction “L/F,” a life felony. We, therefore remand with directions that the Judgment be corrected to note the correct classification of Count IV as a first degree felony punishable by life imprisonment (1st pbl.). Because this was clearly a clerical error, the correction may be made without the defendant being present. However, the Clerk of the Court is directed to send the defendant a copy of the corrected Judgment upon issuance.
 

 
 *259
 
 Affirmed; but remanded with instructions.