KHOUZAM, Judge.
We reverse the denial of Barron Thompson’s motion for postconviction relief that *564 he filed pursuant to Florida Rule of Criminal Procedure 3.850 because it was neither untimely nor successive, as found by the postconviction court.
The two-year period for Thompson to file his rule 3.850 motion expired on May 15, 2010. Thompson certified that he placed his motion in the hands of prison officials on May 12, 2010; however, the motion was not stamped filed by the clerk of the circuit court until June 16, 2010. The postconviction court erred when it ruled the motion as untimely.
[A] legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if ... the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.
Thompson v. State, 761 So.2d 324, 326 (Fla.2000). Because the certificate of service indicates a filing date of May 12, 2010, three days before the expiration of the two-year time limit of rule 3.850(b), Thompson’s motion was timely filed.
The postconviction court also erred by finding successive Thompson’s claims that (1) his counsel was ineffective for failure to advise him to have his bond canceled while he was in jail, which resulted in a loss of jail credit, and (2) his plea was involuntary because his attorney and the court misadvised him that his jail credit would apply to all cases. Even though Thompson had previously filed an unsuccessful jail credit claim pursuant to Florida Rule of Criminal Procedure 3.800(a), which was denied in 2008, this would not preclude Thompson from raising jail credit issues under rule 3.850 if he is able to demonstrate that the credit was not awarded due to counsel’s ineffectiveness. See, e.g., Edmondson v. State, 854 So.2d 751, 751 (Fla. 2d DCA 2003) (affirming the denial of a rule 3.800(a) motion because the record indicated that the defendant was not entitled to the jail credit but observing that the defendant might have “a meritorious claim of ineffective assistance of counsel”); see also Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (“Jail credit issues are appropriately brought in a rule 3.850 motion....”).
Accordingly, we reverse and remand for the postconviction court to consider the merits of Thompson’s claims.
Reversed and remanded.
MORRIS, J., Concurs.
VILLANTI, J., Concurs with opinion.