PER CURIAM.
We affirm the trial court’s denial of appellant’s successive rule 3.800(a) motion to correct illegal sentence. Appellant contends that the concurrent twenty-two year sentences that he received in 2001 for two sexual battery offenses are illegal. He claims that the 22-year term imposed for each second-degree felony exceeds the 15-year statutory maximum and also exceeds the 16.15-year minimum permissible sentence under the Criminal Punishment Code scoresheet.
Appellant raised this same claim in a rule 3.800(a) motion that he filed in 2009. That motion was denied on the merits, and he did not appeal. He repeated the claim in another post>conviction motion that he filed in 2011. That motion was denied on the merits, and we affirmed. Dennard v. State, 4D11H1842, 2013 WL 1845715 (Fla. 4th DCA May 1, 2013) (table).
Appellant’s claim is barred by the collateral estoppel and law of the case doctrines, and there is no manifest injustice in applying .these procedural bars. State v. McBride, 848 So.2d 287 (Fla.2003).
Remanding this case for resentencing at this point would accomplish nothing. The trial court could have achieved its sentencing goal that defendant receive twenty-two years in prison for this set of offenses by structuring the sentences consecutively. Blackshear v. State, 531 So.2d 956, 958 (Fla.1988); Rigueiro v. State, 132 So.3d 853, 854-55 (Fla. 4th DCA 2013). As the Florida Supreme Court recognized in McBride, the mere existence of an illegal sentence is not equivalent to a manifest injustice. 848 So.2d at 292 (holding that the illegal thirty-year habitual felony offender sentence for the life felony did not result in manifest injustice because defendant was serving concurrent terms of equal length on other counts).

Affirmed.

LEVINE and CONNER, JJ., concur.
CONNER, J., concurs specially with opinion.
WARNER, J., dissents with opinion.