DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HECTOR COLON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2394

[June 1, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case Nos. 502011CF004851A, 502011CF011697A, 502011CF001374A, and 502011CF007485A.

Hector Colon, Live Oak, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the trial court's denial of his motion for postconviction relief in which he claimed that his plea was involuntary because the Department of Corrections ("DOC") determined a release date without considering the nearly two years appellant spent in county jail for one of his crimes, thereby increasing his incarceration by that amount. Because this was a direct consequence of his plea, we conclude that the motion was legally sufficient and reverse for an evidentiary hearing.

Colon was charged with several crimes in four separate cases, the most serious of which was first degree murder. He elected to resolve his cases with a plea, and the State agreed to reduce the murder charge to second degree murder. His criminal punishment scoresheet reflected a lowest permissible sentence of 304.58 months, or 25.4 years. Pursuant to the negotiated plea, the trial court would sentence appellant on all counts to this amount of prison time. For each of the four cases, the offenses, statutory maximums, agreed sentences, and jail credits are as follows:

Case 10-7485    Possession of a Schedule II Controlled Substance; § 893.13(6)(A); Third Degree Felony; 5 year max.
Sentence:   304.58 months
Jail Credit:  4 days

Case 11-1374    Felony Driving with a Suspended License; § 322.34(2)(c); Third Degree Felony; 5 year max.
Sentence:   304.58 months
Jail Credit:  1 day

Case 11-4851    Second Degree Murder with a Firearm; §§ 782.04(2), 775.087; Life Felony
Attempted Second Degree Murder with a Firearm; §§ 782.04(2), 777.04(1), 775.087; First Degree Felony
Sentence:   304.58 months
Jail Credit:  674 days

Case 11-11697   Battery on a Correctional Support Employee; § 784.07(2)(b); Third Degree Felony; 5 year max.
Sentence:   304.58 months
Jail Credit:  472 days

When appellant arrived at the DOC, officials informed him that his "controlling case number" in calculating jail credit was the felony driving with a suspended license conviction, for which he had received only one day of jail credit, as opposed to the second degree murder conviction, for which he had received 674 days of credit.  In his motion for postconviction relief, appellant swore that had he known that he would not actually receive credit for the 674 days, he would not have entered the plea.  The trial court summarily denied the motion based upon the State's response, which noted that appellant was simply mistaken as to how the DOC structures jail credit and this was not grounds to determine his plea was involuntary.  This appeal follows.

The voluntariness of a plea depends on the defendant's understanding of the direct consequences of that plea.  *See Major v. State*, 814 So. 2d 424, 428 (Fla. 2002).  A direct consequence is one that has a "definite, immediate, and largely automatic effect on the range of the defendant's punishment."  *Id.* (quoting *State v. Fox*, 659 So. 2d 1324, 1327 (Fla. 3d DCA 1995)); *see also State v. Partlow*, 840 So. 2d 1040, 1043 (Fla. 2003).

The application of jail credit to the sentences in this case is a direct consequence of appellant's sentence.  *See, e.g., Thompson v. State*, 60 So. 3d 563, 564 (Fla. 2d DCA 2011); *Reyna v. State*, 18 So. 3d 1131, 1133

2

(Fla. 2d DCA 2009). "[W]hen a defendant receives concurrent sentences for different cases, the defendant is entitled to credit against each sentence only for the time spent in jail for the charge resulting in that sentence." *Salazar v. State*, 995 So. 2d 1058, 1059 (Fla. 4th DCA 2008). Here, the DOC considered the sentence with the least jail credit (one day) as the primary sentence for determining a release date. Thus, appellant was not given jail credit for the nearly two years he had already served. Consequently, he will have to serve the 304.58 months (minus one day) *in addition* to the 674 days that he has already spent in the county jail on what are his most serious offenses—murder and attempted murder.

We conclude that appellant's motion challenging the plea as involuntary is facially sufficient. The application of jail credit to the sentences as they were structured was a direct consequence of the plea, and appellant claims he had no notice that the DOC would calculate his sentence on the basis of the lesser charge. We thus reverse for further proceedings, as the record attachments do not conclusively refute appellant's allegations.

GERBER and FORST, JJ., concur.
WARNER, J., concurs specially.

WARNER, J., concurring specially.

Although I concur in the reversal for further proceedings, I believe the sentences imposed, other than the sentence for second degree murder and attempted second degree murder, were illegal, an issue not raised in this appeal. In *Dennard v. State*, 157 So. 3d 1055 (Fla. 4th DCA 2014) (Warner, J., dissenting), *appeal dismissed*, No. SC15-300 (Fla. Mar. 30, 2016), I argued in dissent that neither section 921.0024(2), Florida Statutes (2002), nor the supreme court's interpretation of it in *Butler v. State*, 838 So. 2d 554 (Fla. 2003), were clear on how to sentence where, as is the case here, there are multiple counts for sentencing and the lowest permissible sentence ("LPS") exceeds the statutory maximum. I disagree that all counts must receive the LPS when it is above the statutory maximum sentence. I wrote in *Dennard*:

> Section 921.0024(2), Florida Statutes (1999), requires that a sentencing scoresheet be prepared to arrive at a "lowest permissible sentence," below which the trial court may not sentence absent the limited reasons for a downward departure. The statute provides:

The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.

Our supreme court interpreted this portion of the sentencing statute as setting a minimum sentence for all offenses at sentencing together but setting no collective maximum. Instead, each offense has its own maximum, namely the statutory maximum for the individual offense:

Under the CPC, "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, *including an offense that is before the court due to a violation of probation* or community control." § 921.002(1)(g), Fla. Stat. (1999) (emphasis added). The Legislature expressed that the primary purpose of sentencing is to be punishment. *See* § 921.002(1)(b), Fla. Stat. (1999). As with the sentencing guidelines, a single scoresheet for all offenses is used for CPC sentencing. However, a single sentencing range is not established under the CPC as occurred under the prior guidelines. "The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum . . . for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively." § 921.0024(2), Fla. Stat. (1999).

Under the prior guidelines, the individual offenses were considered interrelated because together they were used to establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, **together the individual**

4

> *offenses only establish the minimum sentence that may be imposed;* a single maximum sentence is not established—*each individual offense has its own maximum sentence, namely the statutory maximum for that offense.* Under the CPC, multiple offenses are not interrelated as they were previously under the guidelines.
>
>      . . . .
>
> [B]ecause the concerns related to guidelines sentencing are no longer present in CPC sentencing, and the courts are no longer specifically limited to a sentencing range under the CPC, there is no justification for continuing to treat separate offenses as an interrelated unit after the minimum sentence is established.

*Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004) (bold emphasis added). I find the bolded language from *Moore* to be the most important. As I understand *Moore*, the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum. The LPS is *not* the sentence which must be applied to *each* offense at sentencing.

In light of *Moore*, I read the statute's admonition—"If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed"—as applying to the *collective total statutory maximum of the individual sentences.*

*Dennard*, 157 So. 3d at 1060-61.

Thus, in this case, as the statutory maximum for second degree murder was life, well in excess of the LPS, sentencing appellant to the LPS for the primary offense satisfies the statutory directive of section 921.0024(2). The sentences for the remaining third degree felonies should not exceed the statutory maximum for each crime.

The application of jail credit in this case presents an additional reason why applying the same sentence to all crimes where the LPS exceeds the statutory maximum is untenable. Appellant pled to three third degree felonies and one life felony. The statutory maximum for a third degree felony is five years, yet on each third degree felony, appellant was

5

sentenced in excess of twenty-five years. Because appellant had only one day of jail credit on his driving with a suspended license charge, his 304.58 month sentence on that charge became, for DOC purposes, the longest sentence and thus established the earliest release date. Because all of the charges carried the same sentence, but the jail credit was not applicable to all the sentences, appellant will actually serve nearly two years more than the LPS, even though his plea was based on the LPS.

As I noted in my dissent in *Dennard,* the court should have structured the sentences so that appellant served at least the LPS collectively, but without exceeding the statutory maximum for the individual charges. *Dennard,* 157 So. 3d at 1061. As appellant was sentenced to the LPS for the second degree murder charge, he should have been sentenced only to the statutory maximum for the remaining third degree felonies. I would argue that the sentences for all of the third degree felonies are illegal as exceeding the statutory maximum for those crimes.[1] Reducing those sentences to their statutory maximum would allow the DOC to calculate the release date on the second degree murder charge, applying the 674 days of jail credit to that sentence. That is clearly what appellant thought would occur and what should have occurred in this case.

Consequently, while I agree that this case should be remanded on the postconviction relief motion, the fault in this case really lies in what I believe is an erroneous application of section 921.0024(2), Florida Statutes, to a multiple-conviction case, leading to an illegal sentence.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] I acknowledge that *Cunningham v. State,* 22 So. 3d 127, 129 (Fla. 4th DCA 2009), is to the contrary, but I disagree with its interpretation of the statute.