WARNER, J.,
concurring specially.
Although I concur in the reversal for further proceedings, I believe the sentences imposed, other than the sentence for second degree murder and attempted second degree murder, were illegal, an issue not raised in this appeal. In Dennard v. State, 157 So.3d 1055 (Fla. 4th DCA 2014) (Warner, J., dissenting), appeal dismissed, No. SC15-300, 2016 WL 1252516 (Fla. Mar. 30, 2016), I argued in dissent that neither section 921.0024(2), Florida Statutes (2002), nor the supreme court’s interpretation of it in Butler v. State, 838 So.2d 554 (Fla.2003), were clear on how to sentence where, as is the case here, there are multiple counts for sentencing and the lowest permissible sentence (“LPS”) exceeds the statutory maximum. I disagree that all counts must receive the LPS when it is above the statutory maximum sentence. I wrote in Dennard:
Section 921.0024(2), Florida Statutes (1999), requires that a sentencing score-sheet be prepared to arrive at a “lowest permissible sentence,” below which the trial court may not sentence absent the *963 limited reasons for a downward departure. The statute provides:
The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s.775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s.775.082, the sentence required by the code must be imposed.
Our supreme court interpreted this portion of the sentencing statute as setting a minimum sentence for all offenses at sentencing together but setting no collective maximum. Instead, each offense has its own maximum, namely the statutory maximum for the individual offense:
Under the CPC, “[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control.” § 921.002(l)(g), Fla. Stat. (1999) (emphasis added). The Legislature expressed that the primary purpose of sentencing is to be punishment. See § 921.002(l)(b), Fla. Stat. (1999). As with the sentencing guidelines, a single seoresheet for all offenses is used for CPC sentencing. However, a single sentencing range is not established under the CPC as occurred under the prior guidelines. “The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum ... for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively.” § 921.0024(2), Fla. Stat. (1999).
Under the prior guidelines, the individual offenses were considered interrelated because together they were used to establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, together the individual offenses . only establish the minimum sentence that may be imposed; a single maximum sentence is not established — each individual offense has its own maximum sentence, namely the statutory maximum for that offense. Under the CPC, multiple offenses are not interrelated as they were previously under the guidelines.
[[Image here]]
[Bjecause the concerns related to guidelines sentencing are no longer present in CPC sentencing, and the courts are no longer specifically limited to a sentencing range under the CPC, there is no justification for continuing to treat separate offenses as an interrelated unit after the minimum sentence is established.
Moore v. State, 882 So.2d 977, 985 (Fla.2004) (bold emphasis added). I find the bolded language from Moore to be the most important. As I understand Moore, the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum. The LPS is not the sentence which must be applied to each offense at sentencing.
In light of Moore, I read the statute’s admonition — “If the lowest permissible sentence under the code exceeds the *964 statutory maximum sentence as provided-in s.775;082, the sentence required by the code must be imposed” — as applying to the collective total statutory mam-mum of the individual sentences.
Dennard, 157 So.3d at 1060-61.
Thus, in this case, as the statutory maximum for second degree murder was life, well in excess of the UPS, sentencing appellant to the LPS for the primary offense satisfies the statutory directive of section 921.0024(2). The sentences for the remaining third degree felonies should not exceed the statutory maximum for each crime.
The application of jail credit in this case presents an additional reason why applying the same sentence to all crimes where the LPS exceeds the statutory maximum is untenable. Appellant pled to three third degree felonies and one life felony. The statutory maximum for a third degree felony is five years, yet on each third degree felony, appellant was sentenced in excess of twenty-five years. Because appellant had only one day of jail credit on his driving with a suspended license charge, his 304.58 month sentence on that charge became, for DOC purposes, the longest sentence and thus established the earliest release date. Because all of the charges carried the same sentence, but the jail credit was not applicable to all the sentences, appellant will actually serve nearly two years more than the LPS, even though his plea was based on the LPS.
As I noted in my dissent in Dennard, the court should have structured the sentences so that appellant served at least the LPS collectively, but without exceeding the statutory maximum for the individual charges. Dennard, 157 So.3d at 1061. As appellant was sentenced to the LPS for the second degree murder charge, he should have been sentenced only to the statutory maximum for the remaining third degree felonies. I would argue that the sentences for all of the third degree felonies are illegal as exceeding the statutory maximum for those crimes.[1] Reducing those sentences to their statutory maximum would allow the DOG to calculate the release date on the second degree murder charge, applying the 674 days of jail credit to that sentence. That is clearly what appellant thought would occur and what should have occurred in this case.
Consequently, while I agree that this case should be remanded on the postcon-viction relief motion, the fault in this case really lies in what I believe is an erroneous application of section 921.0024(2), Florida Statutes, to a multiple-conviction case, leading to an illegal sentence.

. I acknowledge that Cunningham v. State, 22 So.3d 127, 129 (Fla. 4th DCA 2009), is to the contrary, but I disagree with its interpretation of the statute.