IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


RIDGE GABRIEL,

      Appellant/Cross-Appellee,

 v.                                      Case No.  5D15-2528

STATE OF FLORIDA,

      Appellee/Cross-Appellant.

_____/

Opinion filed June 1, 2018

Appeal from the Circuit Court
for Orange County,
Wayne C. Wooten, Judge.

James S. Purdy, Public Defender,
and Kevin R. Holtz, Assistant
Public Defender, Daytona Beach,
for Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee/Cross-Appellant.


LAMBERT, J.

Following a jury trial, Ridge Gabriel was convicted of attempted first-degree murder with a firearm of a law enforcement officer, resisting an officer with violence, attempted robbery with a firearm, and aggravated assault with a firearm.  Gabriel was seventeen years old when he committed these crimes.  The trial court ultimately sentenced Gabriel

to serve twenty years in prison with a twenty-year minimum mandatory provision for the attempted first-degree murder conviction; fifteen years in prison with a ten-year minimum mandatory for the attempted robbery; and 166.5 months in prison, subject to a three-year minimum mandatory, for the aggravated assault with a firearm conviction, with these sentences running concurrently. Gabriel was also sentenced to serve 166.5 months in prison for his resisting an officer with violence conviction, which was to run consecutively to his three concurrent prison sentences.

On appeal, Gabriel argues that his conviction for attempted first-degree murder with a firearm of a law enforcement officer must be reversed because the trial court committed fundamental error when it failed to instruct the jury on a disputed element of this crime. Gabriel does not raise any issue with his other three convictions but challenges the sentences imposed by the trial court for these convictions as either illegal or unconstitutional under Florida's juvenile offender sentencing laws, codified at sections 921.1401 and 921.1402, Florida Statutes (2015). The State cross-appeals, arguing that the trial court erred in providing Gabriel with a review hearing under section 921.1402 after he serves twenty-five years of his aggregate 33.875-year prison sentence. For the following reasons, we reverse Gabriel's conviction and sentence for attempted first-degree murder of a law enforcement officer and remand for a new trial on this charge.

In *Ramroop v. State*, 214 So. 3d 657 (Fla. 2017), an opinion released after the trial in this case, the Florida Supreme Court held that section 782.065, Florida Statutes (2013), created a separate, substantive criminal offense of attempted murder of a law enforcement officer and that to be convicted of this offense, one of the elements the jury must find beyond a reasonable doubt is that the defendant knew, when the offense was committed, that the victim was a law enforcement officer. 214 So. 3d at 662–63, 668.

2

The parties agree that, in the instant case, the trial court erred by failing to instruct the jury on this essential element of the crime, but the parties differ as to the significance of this failure to instruct. The State argues that because Gabriel did not object at trial to the jury instruction as given by the trial court, this error is not preserved for appellate review. Gabriel acknowledges that he did not object at trial to this instruction, but he nevertheless asserts that he is entitled to relief because, under the facts of this case, the trial court's failure to properly instruct the jury on this element of the crime is fundamental error.

We first observe that Gabriel, like any defendant, has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven. *Gerds v. State*, 64 So. 2d 915, 916 (Fla. 1953). "[Jury] [i]nstructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." *State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991) (citing *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978); *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). "The failure to give a jury instruction on an element of a crime is fundamental error if the element was disputed at trial." *Nash v. State*, 951 So. 2d 1003, 1005 (Fla. 4th DCA 2007) (citing *Garcia v. State*, 901 So. 2d 788, 793 (Fla. 2005); *Reed v. State*, 837 So. 2d 366, 369 (Fla. 2002)). Conversely, if the record reflects that there was no dispute on a specific element of the crime, then the failure to instruct on the element is not fundamental error. *Delva*, 575 So. 2d at 645. Therefore, our task is to determine whether there was a dispute at trial as to whether Gabriel knew that the victim of the attempted first-degree murder was a law enforcement officer.

Gabriel's sole defense at trial was misidentification or mistaken identity. The State's theory of the case was that Gabriel was attempting to commit an armed robbery

3

with a firearm in an apartment complex one night when a law enforcement officer noticed the robbery in progress and came to aid the victim of the robbery. At that point, Gabriel turned his firearm toward the law enforcement officer and fired, but missed. Gabriel then fled but was arrested shortly thereafter at a nearby convenience store. In contrast, Gabriel testified at trial that he was at a friend's house that night near the apartment complex and that he left the house after getting into an argument about a basketball game. Gabriel further testified that he walked over to the convenience store where he was surprised to be approached and thereafter arrested by the police. Gabriel denied any knowledge whatsoever of a shooting.

The State argues that by asserting the mistaken identity defense and denying any knowledge about the shooting, Gabriel did not place in dispute the element of the offense that he knew that the victim of the attempted first-degree murder was a law enforcement officer. We disagree. In *Griffin v. State*, 160 So. 3d 63 (Fla. 2015), the court held that a sole defense of misidentification does not concede or fail to place in dispute any element of the crime charged, let alone all elements except identity, nor does the defendant have an obligation to expressly dispute any other elements of the crime. 160 So. 3d at 67–68. As the court observed:

> Where a defendant sits mute and exercises his or her right to remain silent, the burden is on the State to prove all elements involved in the degree of the homicide for which the defendant is convicted. It defies logic to conclude that expressly disputing the identity of the perpetrator and remaining silent on the remaining elements of the crime would concede all the elements but identity. The State's burden of proof does not change simply because the defendant speaks up and contests one element, such as his identity as the perpetrator.

*Id.* at 68.

4

Here, neither Gabriel nor his counsel conceded during trial that an attempted first-degree murder of a law enforcement officer occurred. *Cf. Morton v. State*, 459 So. 2d 322, 324 (Fla. 3d DCA 1984) (holding that trial court's failure to instruct on elements of robbery was not fundamental error when defendant asserted misidentification and defense counsel expressly conceded in opening statement that victims had been robbed). Thus, the issue of whether Gabriel knew that the victim of the attempted first-degree murder was a law enforcement officer remained a disputed element of the offense at trial, and the court's failure to instruct on this essential element of the crime is fundamental error under *Ramroop.* Gabriel is entitled to a reversal of this conviction and a new trial on this charge.

Gabriel has raised one other issue regarding his conviction for attempted first-degree murder of a law enforcement officer that we will briefly address. At trial, the jury was instructed, without objection, on both attempted premeditated first-degree murder and attempted felony murder, and the jury returned a general verdict of guilty for attempted first-degree murder that did not differentiate between the State's two theories of the crime. Gabriel argues that because he was not specifically charged with attempted felony murder under section 782.051, Florida Statutes (2013), he was potentially convicted of an uncharged crime, which he contends is fundamental error. The State disagrees, arguing that error, if any, was not fundamental and, by failing to object to the jury instruction, Gabriel did not preserve the alleged error for appellate review.

In *Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017), the Florida Supreme Court concluded that "[b]ecause the statutory crime of attempted felony murder is a crime separate from attempted premeditated murder with different elements and different punishments, the State must charge the crime of attempted felony murder in order to be

5

entitled to a jury instruction on that crime and to proceed under that theory." 214 So. 3d at 589.[1]  Because we are reversing for a new trial on the attempted first-degree murder of a law enforcement officer charge for the reasons previously stated, we need not address whether or not fundamental error occurred here.  On remand, if the State intends to proceed also under an attempted felony murder theory, then it needs to properly charge Gabriel under the statute.

Accordingly, we reverse Gabriel's conviction and sentence for attempted first-degree murder of a law enforcement officer with a firearm and remand for a new trial on this count.  Furthermore, because Gabriel's present sentences on his other convictions were based upon a scoresheet that included significant sentence points for the now-vacated conviction for attempted first-degree murder and because the total sentence points on his present scoresheet may greatly change depending upon the result of the retrial on this count, Gabriel will be entitled to be resentenced on his other three convictions under a scoresheet using only his actual convictions.  *See generally Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016) (holding that when the vacation of a conviction would result in changes to a defendant's scoresheet, the defendant is entitled to be resentenced using a corrected scoresheet).  Therefore, we decline to address the parties' arguments regarding Gabriel's present sentences on his other three convictions.

REVERSED and REMANDED.

EVANDER, J., concurs.
EISNAUGLE, J., concur specially, with opinion.

---

[1] The trial court did not have the benefit of this opinion at the time of trial.

EISNAUGLE, J., concurring specially.

I agree that the supreme court's decisions in *Ramroop v. State*, 214 So. 3d 657 (Fla. 2017) and *Griffin v. State*, 160 So. 3d 63 (Fla. 2015) are controlling here, and that Gabriel's conviction for attempted first-degree murder of a law enforcement officer must be reversed for a new trial. However, given this disposition, I find it unnecessary to join the majority's discussion concerning Gabriel's alternative argument for reversal pursuant to *Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017).