IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH B. TURNER,

        Appellant,

v.

Case No. 5D18-428

STATE OF FLORIDA,

        Appellee.

_____/

Decision filed June 22, 2018

3.800 Appeal from the Circuit Court
for Brevard County,
Kelly J. McKibben, Judge.

Joseph B. Turner, Carrabelle, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.


      AFFIRMED.



COHEN, C.J., and WALLIS, J., concur.
LAMBERT, J., concurs specially, with opinion.

Joseph B. Turner is appealing the postconviction court's summary denial of his successive Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. He is presently serving a twenty-year prison sentence as a habitual violent felony offender ("HVFO") for robbery, consecutive to a lengthy prison sentence that he is serving in an unrelated case. Turner was also designated and sentenced to serve fifteen years in prison as a prison releasee reoffender ("PRR") for the robbery conviction. By statute, Turner is required to serve 100% of the PRR portion of his sentence. *See* § 775.082(9)(b), Fla. Stat. (2003).

In the present appeal, Turner argues, as he did below, that his written judgment and sentence is illegal because it also contains a ten-year minimum mandatory provision regarding his HVFO sentence that was not orally pronounced by the trial judge at sentencing. *See Regino v. State*, 921 So. 2d 845, 845 (Fla. 2d DCA 2006) (reversing postconviction court's denial of defendant's rule 3.800(a) motion because the trial court did not orally pronounce a minimum mandatory term for the HVFO sentence).

Turner unsuccessfully raised this same claim in an earlier rule 3.800(a) motion to correct illegal sentence. We affirmed Turner's appeal of that denial order without opinion. *See Turner v. State*, 228 So. 3d 581 (Fla. 5th DCA 2017). In denying Turner's present, successive rule 3.800(a) motion, the lower court correctly recognized that while the filing of successive rule 3.800(a) motions is not forbidden, *see White v. State*, 41 So. 3d 257, 257 (Fla. 3d DCA 2010), a defendant is barred by the doctrine of collateral estoppel from relitigating the same issue raised in an earlier rule 3.800 motion decided adversely to the

defendant.  *See State v. McBride*, 848 So. 2d 287, 290–91 (Fla. 2003).  Accordingly, I agree with the court's denial of Turner's instant motion based upon collateral estoppel.

Turner separately argues that collateral estoppel should not act as a bar when doing so would cause a manifest injustice.  However, even if Turner's sentence is illegal for the reason that he argues, "the mere existence of an illegal sentence is not equivalent to a manifest injustice."  *Dennard v. State*, 157 So. 3d 1055, 1056 (Fla. 4th DCA 2014).  For example, in *McBride*, the court held that the application of collateral estoppel to bar the defendant's rule 3.800(a) claim of illegal sentence would not result in manifest injustice because although the defendant's habitual felony offender sentence on one count was illegal, he was serving concurrent prison terms of equal length on other counts. 848 So. 2d at 292.

Here, there is no manifest injustice.  Turner is serving fifteen years in prison, day-for-day, as a PRR.  Whether his HVFO sentence does or does not include a ten-year minimum mandatory provision has no effect on Turner's longer PRR sentence or the amount of time Turner will serve in prison, nor has he alleged that it will.