# Supreme Court of Florida

_____

No. SC19-2155
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**RIDGE GABRIEL,**
Respondent.

April 8, 2021

POLSTON, J.

We review the Fifth District Court of Appeal's decision in

_Gabriel v. State_, 44 Fla. L. Weekly D2913 (Fla. 5th DCA Dec. 6,

2019), in which the Fifth District certified the following question of

great public importance:

> IS THE LOWEST PERMISSIBLE SENTENCE AS DEFINED
> BY AND APPLIED IN SECTION 921.0024(2), FLORIDA
> STATUTES, AN INDIVIDUAL MINIMUM SENTENCE AND
> NOT A COLLECTIVE MINIMUM SENTENCE WHERE
> THERE ARE MULTIPLE CONVICTIONS SUBJECT TO
> SENTENCING ON A SINGLE SCORESHEET?

*Id.* at D2913.  In its decision, the Fifth District also certified conflict with the decision of the Second District Court of Appeal in *Champagne v. State*, 269 So. 3d 629 (Fla. 2d DCA 2019).[1]

For the reasons explained below, we answer the certified question in the affirmative, quash the Fifth District's decision in *Gabriel*, and approve the Second District's decision in *Champagne* to the extent that it is consistent with this opinion.

## I.  BACKGROUND

Ridge Gabriel was convicted of attempted first-degree murder with a firearm of a law enforcement officer, resisting an officer with violence, attempted robbery with a firearm, and aggravated assault with a firearm.  *Gabriel*, 44 Fla. L. Weekly at D2913.  The Fifth District reversed the attempted first-degree murder conviction, which was stayed pending the outcome of the appeal.  *Id.* at D2914 n.1.  On remand, Gabriel was resentenced for attempted robbery with a firearm (primary offense), aggravated assault with a firearm (additional offense), and resisting an officer with violence (additional offense).  *Id.* at D2913; *see also Gabriel v. State*, 248 So. 3d 265,

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.

267 (Fla. 5th DCA 2018). The Criminal Punishment Code (CPC) Scoresheet indicated the lowest permissible sentence (LPS) was 107.25 months, and the trial court agreed with the State that the LPS is an individual minimum sentence that must be applied to each offense before the sentencing court if the LPS exceeds each individual statutory maximum sentence. *Gabriel*, 44 Fla. L. Weekly at D2913. On his second-degree felony of attempted robbery with a firearm, the trial court sentenced Gabriel to the statutory maximum sentence of 15 years with a 10-year mandatory minimum because the LPS of 107.25 months did not exceed the individual statutory maximum sentence. *Id.* On his third-degree felony of aggravated assault with a firearm, the trial court sentenced Gabriel to 107.25 months with a 3-year minimum mandatory because the LPS of 107.25 months exceeded the statutory maximum sentence of 5 years. *Id.* Similarly, on his third-degree felony of resisting an officer with violence, the trial court sentenced Gabriel to 107.25 months because the LPS of 107.25 months exceeded the statutory maximum sentence of 5 years. *Id.* Due to consecutive sentences, Gabriel's sentences totaled approximately 33 years. *Id.*

"On appeal, Gabriel argue[d] that his sentences for aggravated assault with a firearm and resisting an officer with violence are unlawful because they exceed the statutory maximum for those offenses." *Id.* The Fifth District applied the language in section 921.0024(2), Florida Statutes (2012), which provides that "[t]he permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing." *Id.* The Fifth District also applied this Court's decision in *Moore v. State*, 882 So. 2d 977 (Fla. 2004), and concluded "that the sentencing range for Gabriel was 107.25 months, the LPS, to twenty-five years, the collective statutory maximum sentence." *Gabriel*, 44 Fla. L. Weekly at D2913. The Fifth District interpreted this Court's decision in *Moore* as standing for the proposition that "the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum," and "[t]he LPS is *not* the sentence which must be applied to *each* offense at sentencing." *Id.* (quoting *Dennard v. State*, 157 So. 3d 1055, 1060 (Fla. 4th DCA 2014) (Warner, J., dissenting)). The Fifth District explained, "[W]hen applying the provision of section

- 4 -

921.0024(2), which requires the trial court to impose the LPS if it exceeds the statutory maximum sentence, the LPS must exceed the *collective* statutory maximum, not each individual statutory maximum, before such exception is triggered." *Id.* The Fifth District further explained:

> In this case, the statutory maximum sentence is twenty-five years–fifteen plus five plus five. Because the LPS does not exceed twenty-five years, the trial court was not required to impose the LPS, and the sentences should have been capped by their individual statutory maximum sentences. Consequently, Gabriel's sentences for aggravated assault with a firearm and resisting an officer with violence are illegal because they exceed the statutory maximum sentence in contravention of section 921.0024(2).

*Id.*

Ultimately, the Fifth District reversed the trial court and certified that its decision conflicts with the Second District's decision in *Champagne*. In *Champagne*, the defendant "was convicted of robbery with a firearm, a first-degree felony punishable by life in prison, and false imprisonment, a third-degree felony." 269 So. 3d at 630 (citation omitted). The LPS was 240.15 months, and the trial court sentenced the defendant to a life sentence on the robbery count and "to twenty years (240 months) in prison on the

false imprisonment count," an additional offense. *Id.* at 631. The trial court ruled that the LPS is an individual minimum sentence that applies to each offense even though the LPS did not exceed the statutory maximum sentence for the primary offense, which was a life sentence. *See id.*

On appeal, the defendant did not challenge the life sentence imposed on his primary offense but argued that the 240-month sentence imposed on his conviction for false imprisonment was illegal because it exceeded the 5-year statutory maximum sentence for that offense. *Id.* at 630. The Second District examined the statutory language in section 921.0024(2) and existing precedent and "conclude[d] that the LPS is an individual minimum sentence which must be imposed when the LPS exceeds the statutory maximum sentence for each offense and therefore [the defendant]'s sentence is legal." *Id.* at 630. Accordingly, the Second District affirmed the trial court and certified the same question of great public importance as the Fifth District's decision in *Gabriel*.

## II. ANALYSIS

The State argues that, based on the plain language of section 921.0024(2), the LPS is an individual minimum sentence, and the trial court properly sentenced Gabriel to 107.25 months (the LPS) on both of his third-degree felony convictions because the LPS exceeded the 5-year individual statutory maximum sentence for each of his third-degree felony convictions. Gabriel counters that the LPS is a collective minimum sentence, and section 921.0024(2) is ambiguous with respect to the maximum permissible punishment for additional offenses when the LPS exceeds their respective statutory maximum sentences.[2] We agree with the State and answer the certified question in the affirmative, quash the Fifth District's decision in *Gabriel,* and approve the Second District's decision in *Champagne* to the extent it is consistent with this opinion. Based on our analysis of the text of the statute, we conclude that under section 921.0024(2), the LPS is an individual

---

2. The certified question is one of statutory interpretation, which we review de novo. *Richards v. State,* 288 So. 3d 574, 575 (Fla. 2020).

minimum sentence where there are multiple convictions subject to sentencing on a single scoresheet.

A court's determination of the meaning of a statute begins with the language of the statute. *See Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018) (citing *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)). If that language is clear, the statute is given its plain meaning, and the court does "not look behind the statute's plain language for legislative intent or resort to rules of statutory construction." *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008) (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)).

## A. Section 921.0024(2), Florida Statutes

Section 921.0024(2) provides:

> (2) The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximums for the offenses committed, is appropriate. When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months shall be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points shall be calculated

only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment. An offender sentenced to life imprisonment under this section is not eligible for any form of discretionary early release, except executive clemency or conditional medical release under s. 947.149.

§ 921.0024(2), Fla. Stat. (2012).

The first sentence of the statute specifies that the LPS is a minimum sentence that a trial court may impose, absent a basis for departure. The second through the fourth sentences of the statute dictate how the LPS is calculated or scored. This calculation is done in a manner that considers the entirety of a defendant's criminal background and history.[3] The fifth sentence of the statute

---

3. According to Florida Rule of Criminal Procedure 3.704(d)(25), "total sentence points" are the subtotal sentence points. Rule 3.704(d)(18) further defines "subtotal sentence points" as "the sum of the primary offense points, the total additional offense points, the total victim injury points, the total prior record

then provides a permissible "range" for sentencing, stating that "[t]he permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing." Notably, this fifth sentence of the statute references both the primary offense and additional offenses.[4] The sixth sentence of the statute provides for concurrent or consecutive sentences, and the seventh sentence provides that any state prison sentence must exceed 1 year. Importantly, the eighth sentence of the statute (the LPS exception) provides, "[i]f the lowest permissible sentence under the code

points, any legal status points, community sanction points, prior serious felony points, prior capital felony points, and points for possession of a firearm or semiautomatic weapon."

4. Section 921.0021(4), Florida Statutes (2012), defines "primary offense" as "the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing" and explains that "[o]nly one count of one offense before the court for sentencing shall be classified as the primary offense." Section 921.0021(1) defines "additional offense" as "any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense."

exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed." The last two sentences of the statute address a sentence for life imprisonment.

We reject Gabriel's argument that section 921.0024(2) is ambiguous with respect to the maximum permissible sentence for additional offenses when the LPS exceeds their respective statutory maximum sentences. First, section 921.0024(2) specifies that the LPS is the minimum sentence that a trial court may impose, absent a basis for departure, and it must be imposed where it exceeds the statutory maximum sentence. While the fifth sentence of section 921.0024(2) outlining the permissible range for sentencing expressly includes the language "for the primary offense and any additional offenses before the court for sentencing," language which could contemplate a "collective" approach, the LPS exception does not. *Compare* ("The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing.") *with* ("If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence

- 11 -

required by the code must be imposed."). In other words, the fifth sentence of the statute addressing the sentencing range sets forth a general sentencing standard. However, the LPS exception in the eighth sentence is an exception to this sentencing range that increases the maximum sentence and applies regardless of whether the felony is the primary or an additional offense. Accordingly, the absence of the terms "for the primary offense and any additional offenses before the court for sentencing" is significant. *See Leisure Resorts, Inc. v. Frank J. Rooney, Inc.*, 654 So. 2d 911, 914 (Fla. 1995) ("When the legislature has used a term, as it has here, in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.").

Further, the second sentence of section 921.0024(2) includes the language "up to the statutory maximums for the offenses committed," which the Legislature also could have included in the eighth sentence addressing the LPS exception but did not. *Compare* ("The lowest permissible sentence is any nonstate prison sanction in which the total sentence points equals or is less than 44 points, unless the court determines within its discretion that a prison sentence, which may be up to the statutory maximums for the

- 12 -

offenses committed, is appropriate.") *with* ("If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed."). This Court may not "rewrite the statute or ignore the words chosen by the Legislature so as to expand its terms." *Knowles v. Beverly Enters.-Fla., Inc.*, 898 So. 2d 1, 7 (Fla. 2004). Contrary to the Fifth District's decision in *Gabriel*, nothing in the plain language of section 921.0024(2) limits the LPS to be imposed only if it exceeds the statutory maximum sentence for the primary offense or the collective statutory maximum sentences for all of the offenses before the court for sentencing.

Additionally, the "statutory maximum" referenced in the sentence addressing the permissible sentencing range and the "statutory maximum sentence" referenced in the sentence addressing the LPS exception both refer to section 775.082, Florida Statutes (2012). Section 775.082 is titled "Penalties; applicability of sentencing structures; mandatory minimum sentences for certain reoffenders previously released from prison." Section 775.082 sets forth the statutory maximum sentences for the degrees of felonies. Specific to Gabriel's convictions in this case, section 775.082(3)(c)-

- 13 -

(d) provide that "[a] person who has been convicted of any other designated felony may be punished . . . [f]or a felony of the second degree, by a term of imprisonment not exceeding 15 years . . . [and] [f]or a felony of the third degree, by a term of imprisonment not exceeding 5 years." Nothing in the plain language of section 921.0024(2) or section 775.082 refers to a collective statutory maximum. Pursuant to section 921.0024(2), the LPS exception increases the maximum for sentencing purposes, and the Legislature has determined in a very certain way that a sentence must be increased above the statutory maximum sentence when exceeded by the LPS. In fact, the plain language of the LPS exception only requires the LPS to exceed the statutory maximum sentence as provided in section 775.082, and section 775.082 sets forth individual statutory maximum sentences for each degree of felony. When read as a whole, if the LPS exceeds the statutory maximum penalty in section 775.082, the LPS is both the minimum sentence and the maximum penalty for that offense. *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992) ("[A]ll parts of a statute must be read together in order to achieve a consistent whole.").

- 14 -

Further, the fifth sentence, providing that "[t]he permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing," is followed by the sixth sentence, providing that "[t]he sentencing court may impose *such sentences* concurrently or consecutively." (Emphasis added.) When read together, the plain language provides that a trial court may impose a sentence for each individual offense before the court and may sentence an offender up to the statutory maximum for any offense before the court for sentencing. *See also* § 921.002(1)(g), Fla. Stat. (2012) ("The trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control."). Therefore, to determine whether to increase the maximum sentence based on the application of the LPS exception, the trial court must look to each individual offense before the court for sentencing.

Accordingly, we answer the certified question in the affirmative and conclude that, under section 921.0024(2), the LPS is an

- 15 -

individual minimum sentence where there are multiple convictions subject to sentencing on a single scoresheet.

## B. This Court's Precedent

In *Butler v. State*, 838 So. 2d 554, 555 (Fla. 2003), the defendant was sentenced to 75.6 months in prison, the LPS, on his possession of cocaine conviction and filed a postconviction motion "alleging that his sentence of 75.6 months exceeded the statutory maximum of five years for the third-degree felony of cocaine possession." The district court affirmed the trial court's denial of the defendant's postconviction motion and agreed that the sentence was legal but questioned a potential statutory conflict between section 921.002(1)(g), Florida Statutes (Supp. 1998) (providing that a court may sentence an offender up to the statutory maximum for any offense) and section 921.0024(2), Florida Statutes (Supp. 1998) (providing that a court must impose the LPS where it exceeds the statutory maximum sentence). *Id.* We concluded that the defendant's sentence was legal and that sections 921.002(1)(g) and 921.0024(2) were not in conflict and could be harmonized. *Id.* at 555-56. Specifically, we explained that section 921.002(1)(g) applied to general sentencing, while section 921.0024(2) is an

exception to the general sentencing provisions. *Id.* at 556. In doing so, we held that "when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes (2002), is exceeded by the [LPS] under the code, the [LPS] becomes the maximum sentence which the trial judge can impose." *Id.*

Then, in *Moore v. State,* 882 So. 2d 977, 978, 980 (Fla. 2004), this Court addressed whether *Tripp*[5] credit must be awarded to probation violators sentenced under the CPC and concluded that *Tripp* and its progeny do not apply to CPC sentences. In the analysis comparing the prior sentencing guidelines with the CPC, we explained:

> Under the prior guidelines, the individual offenses were considered interrelated because together they were used to establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, together the individual offenses only establish the minimum sentence that may be imposed; a single maximum sentence is not established—each individual offense has its own maximum sentence, namely the statutory maximum for that offense.

---

5. *Tripp v. State,* 622 So. 2d 941, 942 (Fla. 1993) ("[I]f a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense.").

*Moore*, 882 So. 2d at 985.

Nothing in this Court's decisions in *Butler* or *Moore* contradicts the plain language of section 921.0024(2). Gabriel argues that this Court's statement in *Moore* that together the individual offenses only establish the minimum sentence that may be imposed supports his argument that the LPS is a collective minimum sentence. However, this statement is consistent with the fourth sentence in section 921.0024(2), which provides that "[t]he total sentence points shall be calculated only as a means of determining the lowest permissible sentence." As previously explained, pursuant to rule 3.704(d)(18), the LPS calculation takes the entirety of the defendant's criminal history into consideration, including "the sum of the primary offense points, the total additional offense points, the total victim injury points, the total prior record points, any legal status points, community sanction points, prior serious felony points, prior capital felony points, and points for possession of a firearm or semiautomatic weapon." Further, in *Moore*, we explained that "[t]he maximum sentence for each offense is determined solely by the statutory maximum for the *individual*

- 18 -

*offenses.*" 882 So. 2d at 985 (emphasis added). We also explained that multiple offenses are no longer interrelated and that, under the CPC, there is not a single sentencing range because each offense has its own statutory maximum sentence such that the range could differ for each offense.

### C. The Conflict Cases

In the Fifth District's decision in *Gabriel*, based on its own interpretation of section 921.0024(2) and this Court's decision in *Moore*, the Fifth District reached a conclusion contrary to the plain language of the statute. *See Gabriel*, 44 Fla. L. Weekly at D2913. In *Gabriel*, the Fifth District concluded that the LPS is a collective minimum sentence that should only be applied if the LPS exceeds the collective statutory maximum sentences for all of the offenses before the court for sentencing. *Id.* For purposes of our analysis, the following chart summarizes Gabriel's sentencing as to each conviction:

| Conviction | Felony | Statutory Maximum Sentence | Trial Court Sentence |
| --- | --- | --- | --- |
| Attempted robbery with a firearm | Second degree | 15 years | 15 years with 10-year minimum mandatory |

- 19 -

| | | | |
|---|---|---|---|
| (primary offense) | | | |
| Aggravated assault with a firearm (additional offense) | Third degree | 5 years | 107.25 months with 3-year minimum mandatory |
| Resisting an officer with violence (additional offense) | Third degree | 5 years | 107.25 months |
| Statutory Maximum Sentence Total = 25 years<br>Total Sentence (consecutive) = approximately 33 years<br>Lowest Permissible Sentence = 107.25 months or 8.93 years | | | |

The Fifth District concluded that "the sentencing range for Gabriel was 107.25 months, the LPS, to twenty-five years, the collective statutory maximum sentence." *Id.* The Fifth District explained, "when applying the provision of section 921.0024(2), which requires the trial court to impose the LPS if it exceeds the statutory maximum sentence, the LPS must exceed the *collective* statutory maximum, not each individual statutory maximum, before such exception is triggered." *Id.* The Fifth District further explained:

> In this case, the statutory maximum sentence is twenty-five years—fifteen plus five plus five. Because the LPS does not exceed twenty-five years, the trial court was not required to impose the LPS, and the sentences

- 20 -

should have been capped by their individual statutory maximum sentences. Consequently, Gabriel's sentences for aggravated assault with a firearm and resisting an officer with violence are illegal because they exceed the statutory maximum sentence in contravention of section 921.0024(2).

*Id.*[6] Contrary to the Fifth District's decision in *Gabriel*, the plain language of section 921.0024(2) does not require the LPS to be imposed only if it exceeds the statutory maximum sentence for the primarily scored offense or the collective statutory maximum sentences.

We conclude that the result reached in the Second District's decision in *Champagne* is supported by the text of section

---

6. In the present case, in the section titled "Sentence Computation," Gabriel's CPC Scoresheet listed the "maximum sentence in years" as 25 years, the collective statutory maximum for the 3 offenses before the court for sentencing. Where there are multiple convictions subject to sentencing on a single scoresheet, this single space only allows for entry of the collective statutory maximum sentence total and does not contemplate the trial court's individual consideration of each offense's statutory maximum sentence for purposes of determining whether it is exceeded by the LPS. The single space also suggests a collective maximum sentence and a sentencing range between the LPS and the collective statutory maximum sentence when there are multiple convictions subject to sentencing. In light of this opinion, we will refer reconsideration of the referenced section of the CPC Scoresheet contained in Florida Rule of Criminal Procedure 3.992 to the Supreme Court Criminal Court Steering Committee.

921.0024(2) and our decisions in *Butler* and *Moore*. In *Champagne*, the Second District concluded "that the LPS is an individual minimum sentence which must be imposed when the LPS exceeds the statutory maximum sentence for each offense." 269 So. 3d at 630. Specifically, the Second District explained:

> Based on the language of section 921.0024(2) and bounded by the language of *Butler* and *Moore*, we conclude that the LPS is an individual minimum sentence which applies to each felony at sentencing for which the LPS exceeds that felony's statutory maximum sentence, regardless of whether the felony is the primary or an additional offense. The alternative interpretation, that the LPS is a collective minimum sentence, while seemingly reasonable, is not premised on the statutory language or clearly reconcilable with *Butler* and *Moore*.
> . . . .
> . . . *Moore* clearly holds that under the CPC there is not a single sentencing range; rather, each offense has its own statutory maximum sentence such that the range may differ for each offense. But where the LPS exceeds the offense's statutory maximum sentence, there is no range; the LPS must be imposed.

*Id.* at 636-37 (footnote omitted) (citations omitted).

Accordingly, because the Second District's decision in *Champagne* is consistent with the plain language of section 921.0024(2), we quash the Fifth District's decision in *Gabriel* and approve the Second District's decision in *Champagne* to the extent it is consistent with this opinion.

- 22 -

## III. CONCLUSION

For the above reasons, we answer the certified question in the affirmative, quash the Fifth District's decision in *Gabriel*, and approve the Second District's decision in the conflict case of *Champagne* to the extent it is consistent with this opinion. In doing so, we conclude that under section 921.0024(2), the LPS is an individual minimum sentence where there are multiple convictions subject to sentencing on a single scoresheet.

It is so ordered.

CANADY, C.J., and LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

Because I believe that the lowest permissible sentence (LPS) is a collective minimum sentence that applies to the cumulative total of all pending charges as opposed to each individual charge, I would answer the certified question in the negative, and approve of the

Fifth District Court of Appeal's opinion in *Gabriel*[7] and disapprove of the Second District Court of Appeal's opinion in *Champagne*.[8]

Under the Criminal Punishment Code, multiple charged offenses are considered collectively to establish a minimum sentence, but they are considered individually when determining the maximum punishment for each offense. *Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004). I agree with Judge Warner's analysis: "As I understand *Moore*, the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum. The LPS is *not* the sentence which must be applied to *each* offense at sentencing." *Dennard v. State*, 157 So. 3d 1055, 1060 (Fla. 4th DCA 2014) (Warner, J., dissenting).

As observed by Judge Warner, applying the collective LPS to each individual offense would, in some instances, allow a judge to run the offenses consecutively to result in a sentence that is above the collective statutory maximum for the combined offenses, despite the LPS being below the collective statutory maximum. *Id.* at 1061.

---

7. *Gabriel v. State*, 44 Fla. L. Weekly D2913 (Fla. 5th DCA Dec. 6, 2019).

8. *Champagne v. State*, 269 So. 3d 629 (Fla. 2d DCA 2019).

This concern is not merely hypothetical. Indeed, the Fifth District recognized that Gabriel's case presented the very scenario about which Judge Warner was concerned. *See Gabriel*, 44 Fla. L. Weekly at D2913. Because the LPS was applied to each individual offense and the sentences were imposed to run consecutively, Gabriel's sentence exceeded the combined statutory maximum of the offenses despite the fact that the LPS did not exceed the combined statutory maximum sentence. I do not believe that the Legislature intended this result. Respectfully, I dissent.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance/Certified Direct Conflict of Decisions

Fifth District - Case No. 5D18-3264

(Orange County)

Ashley Moody, Attorney General, Tallahassee, Florida, Wesley Heidt, Bureau Chief, and Richard A. Pallas, Jr., Assistant Attorney General, Daytona Beach, Florida,

for Petitioner

James S. Purdy, Public Defender, Kevin R. Holtz and Scott G. Hubbard, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, Florida,

for Respondent